Wendall Jefferson

11199-002

RECEIVED

2006 JAN 23  A 9: 47

Brief Memorandum

## " ARGUMENTS"

### ACTUAL INNOCENT

In United States V. Bousley,523 U.S. 614, 140 led2d 828,118
S.CT 1604, a petitoner pleaded guilty to drug possession with
intent to distribute,21 U.S.C. § 841(a)(1) and to "using" a
firearm "during and in relation to"a drug trafficking crime
18 U.S.C. § 924(c)(!), but reserved the right to challenge
the quanity of drugs used in calculating his sentence. He appealed
his sentence but did not challenge the Plea's validty. The
Eight circuit affirmed subsequently, he sought habeas relief
Claming his gulity plea lacked a factual basis because the
"evidence" nor the "plea allocation" showed a connection between
the firearms in the bedroom of the house and the garge where
the drug trafficking occured. The district court dismissed
the petition on grounds that a factual basis for the exisxed
because the guns were in the bedroom were in close proximity
to the drugs and were readily accessible. while petitioner
appeal was pending the court held that a conviction for **"using"**
a  firearm under §924(c)(1),requires the Goverment to show
"active Employment of the firearm,"Bailey V. United States
516 U.S. 137, 144, 133 L.ED.2d 472,116 S.CT,501. There are
signnificent procedural hurdles to consideration of the merits
of petitioner's claim, which can be attacked on collateral
review default claim in habeas, he must demonstrate either"cause
and actual prejudice",e.g. Murray V. Carrier,477 U,S.478,489
,91 L. ED.2d,397 106 S.CT.2639,United States V.Jones 153 F3d
1307(11cir 1998),quoting;Bousley,United States V. Montano 398
F3d 1276 (11cir 2005).

In petitioner particular case MR.Jefferson now files a timely motion under 28 U.S.C.§2255 motion to vacate,his convictions under 18 U.S.C.§924(c)(1)for count four(4)and six(6)of the indictment for"Knowingly used,carried,and carried and possessed a firearm"during in relation to" and "in futherance of"a drug trafficking crime.Pursuant to a negotiated plea agreement,Jefferson plead guilty on July 2,2003 and was adjudge on March 19,2004,on the counts mention above §924(c)charges,as well as two possession with to distribute one for cocaine base and cocaine hydrochloride under 21 U.S.C.§841(a)(1) and ,two counts of felony in possession of a firearm under 18 U.S.C.922(g).Jefferson was granted the right to appeal.Jefferson counsel filed a direct appeal but failed to challenge the elements under §U.S.C.924(c)(1),Jefferson appeal was affirmed;Petitioner contends that his counsel ingorance of the law was very costly to him.In United States V.Jones 153 F3d 1305(11cir 1998)"Where appellant did not file a dirct appeal but a §2255 motion to vacate his §924(c) convictions claiming"actual innocent".In United States V.Montano 398 F3d1279(11cir 2005)"Where appellant counsel did not raise §924(c)issues in direct appeal,but later filed an untimely §2255 motion to vacate his convictions of the ,924(c) claiming"actual innocent." A plea is not intelligent unless a defendant first recevices real notice of the charge aganist him"Smith V.O'Grady 312 US 329,334,85 L.Ed 859,61 S.CT 572.

Petitioner contends that the record nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. see,Brady V. United States,supra McMann V. Richardson, 397 US 759,25 L.Ed2d,763,90 S.CT 1441 (1970),and Parker V.North Carolina,397 US 790,25 L.ED2d 785,90 S.CT 1458 (1970),relied upon by amicus, are not to the contary.Each of those cases involved a criminal defendant who pleaded gulity after being correctly informed as to the essential of the charge against him.Jefferson contends that there is no **"evidence"** connecting him with the firearms and the drugs founds in his wife place of business and the residence they both shared,the record is void of"**evidence** ",that he "used,carried,and possessed"firearms during in relation"to and"in futherance of "any drug tranactions form his wife place of business or the residenc theyboth shared together.Jefferson contends that in light of all the evidence no juory would have found him guilty for the underlying crime under §924(c)(1) for count four(4)and(6) of the indictment ment that he"Knowingly used,carried,and possessed,a firearm "during in relation to and" in futherance of a drug trafficking crime.He now ask the court with respect to "vacate" his convictions under 18 U.S.C.§924(c)(1) for count four(4)and(6) of the indictment.

## USED PRONG!

In United States V.Bailey the Supreme Court held "that §924(c)(1) requires evidence sufficent to show active employment of the firearm by defendant,a use that makes the firearm an operative factor in relation to the predicate offense".U.S.at 116 S.CT at 505; and concluded that the evdience was insufficient to support either or the two defendants convictions.id.at 116S.CT at 509"To sustain a conviction under the "**use**"prong of §924(c)(1),the

Goverment must show that the defendant actively employed the firearm "during and in relation to the predicate crime"citing Bailey at 116 S.CT.501,509,133 LEd.2d472(1995).Section §924(c)(1) requires evidence suffcent to show active employment of the firearm an operative factor in relation to the predicate offense. Evidence of the proximity and accessibility of the firearm to the drugs or drugs proceeds is not alone to support a conviction for "use" under the statue of §924(c),however in Jefferson case he did not use the firearms in the terms of the decision in Bailey. The evidence present in Defendant case could not sustain his convictions under the "use"prong of §924(c).The firearms were found in Jefferson wife place of business and residence he shared with her .The first §924(c)count was for the firearm at Jefferson wife place of business along with cocaine residue (3baggies of suspected coaine).The second §924(c)six(6)was from the firearms found at the residence along with cocainebase(56.7grams). The first firearm found at the place of business located under the show cabinet in its case "unloaded"near the cash register,the cocaine residue was found in the rear of the business in a trash can .There no evidence that Jefferson ever "used" the firearm at any time during drug transactions at the place of business nor is there any evidence that Jefferson ever sold drugs out of his wife place of business,also there is no evidence that Jefferson ever "used" the firearms at the residence any time during drug tranactions,nor is there any proof that Jefferson sold drugs out of the residence he shared with his wife .The firearms found at the residence were in the washroom,the cocaine base was found in the computer stand in the master bedroom.[mere

5

were in the washroom ,the cocainebase was found in the computer stand in the master bedroom (hidden).[mere possession or storage of a firearm in a closet or near drugs is insufficient to constitue "use" for the purpose of offense of using and carrying a firearm durind in relation to a drug trafficking crime].United States V. Mount 161 F3d 675 (llcir 1998),accord,United States V.Jones 74 F3d 275(275(llcir 1996);United States V.King(llcir 1996),id.at 116 S. CT.506-509.In light of the Supreme Court decision in Bailey,that possession of a firearm without active employment of that firearm cannot sustain a conviction under the "use"prong of §924(c)(1),see; Bailey at 133 L.Ed2d 476"Congress recognized a distinction between firearms "used" in commison of a crime and those "intended to be used ,and provided for forfeiture of a weapon even before it had been "used". In §924(c)(1) case liability attaches only tocases of actual use, not intented use,as when an offender places a firearm with the intent to use it later if necessary.The differenc€between the two provides demonstrate that,had Congress m meant to broaden application of the statue beyond actual "use",Congress could and would have so specified,as it did in 18 U.S.C.§924(d)(1).116 S.CT.at 507.Therefore MR.Jefferson never"used"the firearms found at either of the location under the elements of §924(c)(1).

## "CARRY" and "Possession"

Carry as well as "use"in 18 U.S.C.§924(c)(1) means more than
mere possession of a firearm "during and in relation to"a drug
trafficking crime. Bailey requires this conclusion by its
express statement,statue interpreation methodology,and result.
The Court explicity stated:"Had COngress intended possession
alone to trigger liability under 18 U.S.C.§924(c)(1),it easily
could have so provided. This obvious conclusion is supported
b y the frequent use of the term"posses" in the gun crime-conduct.
see.eg.,922(g)922(j)922(k)922(0)(1),930(a),930(b)."Bailey V.United
States US at 116 S.CT.501,506,133 LEd.2d 472(1995).


Jefferson was charged with "knowinglyused,carried and possessed a
firearm,so we must evaluate wheter the evidence was sufficent to c
convict him under the carryinga firearm ;thus having admitted
in the course of pleading guilty that he "carried"thefirearm,Jefferson
adimitted that he **carried it in the factual as well as the legal
sense of the word"**.In other words the goverment sees it theres
no need for specific evidence to the effect that Jefferson **carried**
weapons during drug transactions.The District courtrationale,
although not inconsistent with the few facts that we know,depends
on an inference that cannot reasonable be made without additional
evidence that the records simply does not contain. Again we
are dealing with possibilities.Therefore "**carry**",as well as
"**use**" must connote more than mere possession of a firearm by
a person who commitss a drug offense.Other wise,"carry"would
streched far beyond it ordinary and natural meaning,disreguarding
the Congressional penchant for using the word"**possession**"when
that   is what it means;and"**use**" would not have a meaningful

role or functionas an alternative basis for a charge id.at 116 S.CT.at 506,507.What then must the Goverment show,beyond mereppossession,to establish"carry"for the the purposes of the sta statue? the ordinary and natural meanind of "carry"and the SupremeCu Courts statements and reasoning in Bailey,in other for the prosecution, to sustain a conviction under the "carry" prong of 18 U.S.C.§924(c)(1) must show that the firearm was transported by the defendant orwas with in his reach-during and in relation to the predicate crime.

However in Jefferson particular case,a firearm was found at his wife place of business along with cocaine residue,at the residence Jefferson shared with his wife firearms werw found in the washroom of the home and drugs in the master bedroom hidden in a computer stand. There is no evidence that Jefferson ever carried these firearms other than there presence in the residence an his wife place of business.see;United States V.Mount161 F3d 675(11th cir 1998)"A female companion was in the house with mount at the time of the search and arguably she had equal acess to the firearm also". In United States V.Jones 74 F3d 275,(11ct 1996)id.at 116 S.CT.663,133 L.Ed2d 515,supra at 28 F3d 1574.see,UNited States V.Leonard 138 F3d 906 (11th cir) In United States V. Blount 98 F3d 1494(5th cir)"The only evidence that Blount ever **used** or **carried** a firearm is the presence of his finger prints on a 38calibur was insufficient to convict with more,is not enough to trigger 18 U.S.C.§924(c7" (1). If it were clear from the record then,that Jefferson committed some act that constituted **"carry"** as we have defined that the term for a purpose of section §924(c),it would be entirely appropriate to give force to Jefferson separate admisson that he **"carried"** a firearm notwithstanding Bailey#s subsequent clarification as to the meaning of "use". That is the message of Damico on the basis of the specific factual admissons that the record included intthat case

in that case: In acknowledge that he used,carried,and possessed,a firearm inviolation of section §924(c),Damico specifically conceded that his primary co-conspirator had"**carried**"a firearm to Wisconsin for the agreed upon purpose of robbing the participant in a card game. id.at 99 F3d 1433,1434".We have no comparable concession here,Jefferson merely admitted conclusorily that he had "**used,carried,and possessed**",the firearms. Pragmatically speaking, he merely conceded culpability in the language that the statue uses without acknowledging any concrete facts that fall with in the meaning of "**carrying**",and we do not think we can supply those facts post hoc by saying that Jefferson,in admitting that he carried a firearm,admitted any and all conduct that the word "**carrying**" orinarily brings to mind. There's no evidence supporting such an inference that Jefferson ever "**carried**" the firearms according to the underlying crime. However,the evidence must be substantial that is it must do more than raise a mere suspicion of guilt. There is no testimony or evidence that jefferson "**carried**" weapons at his wife place of business nor the residence he shared with his wife.There is no evidence that Jefferson "**carried or possessed**",the weapons during drug tranctions,there is no evidence that Jefferson every sold drugs out of his wife place of businesscor the residence he shared with his wife.(see Suppressing hearing pg.26,47,48.

## "DURING IN RELATION TO"

The inclusion of the "during and in relation to" prong requirement of 18 U.S.C.§924(c) was intended to be a limiting phrase to prevent the misuse of the statue [from]penaliz[ing]those whose conduct does not create the risk of harm at which the statue aims". Muscarello V.United States 524 US at 139 S.CT. at 1919.

IN United States V.Smith 508,US at 238,113 S.CT.at 2058-59: The Supreme Court defined "in relation to" as follows, The Phrase"in relation to" at a minimum clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; it's presence or involvement cannot be the result of accident or coincidence. As one court has observed,the "in relation to " language "allay[s] explicitly the concern that a person couldn be punished under 18 U.S.C.§924(c)(1)for commiting a drug trafficking offense";while in possession of a firearm ,evew though the firearms presence is coincidental or entirely"unrelated"to the crime.Instead,the gun at least must"facilitate or hav[e] the potential of facilitating" the drug trafficking offense.In United States V.Timmons 283 F3d 1250(11cir 2002)"Defendant challenged the conviction on count one which involved **using or carrying** a firearm,"during in relation to" a drug trafficking crime;in order for the goverment to sustain his conviction the goverment had to have sufficent evidence on both the "use or carry" prong and the "during and in relationto" prong.In MR.Jefferson case it differs for different from Timmons,in Timmons defendant "carried firearm and drugs in shoe box to under cover officer in which Timmons sold drugs to officer on more than one month. However in Jefferson case there is insifficent evidence that jefferson ever **used or carried** the firearms at either location nor is there sufficent evidence that Jefferson sold drugs at either location ,In light of all the evidence a reasonable jury would have not found MR.Jefferson guilty of **"using or carrying'a firearm "during in relation to"**a drug trafficking crime.(see Suppressing hearing pg. 2#47,48 ")See; Jones V.United States 74 F3d 275,276(11cir 1996)"reversing §924(c) conviction and sentence because weapons was merely being stored". United States V.Wilson 77 F3d 105,110(5th cir 1996)"weapons was seized from a house owned by the defendant and where drug money was counted and stored". The facts do not show that Jefferson either **"used or carried"** a firearm **"during in relation to"** a drug trafficking crime. Jefferson

Guns being merely stored with out more does not violate 18 U.S.C. §924(c)(1)citing Bailey at 516 US.at 143,116 S.CT.501,supra at 36 F3d 115,117,see UNited States V.Sanders 157 F3d 302(5th cir 1998)& United States V. Mount 161 F3d at 679(3-6).In Mount defendant challenge his conviction under §924(c) for using or carrying a firearm "**during in relation to**"a drug trafficking crime,1.3 kilograms of cocaine and firearm was found evidence was insufficient to support that Mount ever **used or carried the** firearms '**during in relation to**"his drug trafficking.

### "In Futherance Of"

We start with the language of the statue.The word "futherance"should be given it's plain meaning where as here it is not defined within the statue.see;United States V.Muscarello,524 U.S.at 128,118 S.CT.at 1914."**Futherance**" means "**a helping forward**".Thus,a conviction under this portion of 18 U.S.C.§924(c)requires that the prosecution establish that the firearm helped,futhered,promoted,or advanced the drug trafficking.IN order to sustain a conviction under 18 U.S.C.§924(c)(1),the goverment must prove that Jefferson **possessed** the firearms "**in futherance of**"a drug trafficking crime.

The Congressional analysis elaborated on what the prosecution must show. The goverment must c̶l̶early show that a firearm was possessed to advance or promote the commission of the underlying offense.The mere presence of a firearm in a area where a criminal act occurs is not suffcient basis for imposing this particular mandatory sentence.Rather,the goverment must illustrate through specific facts,which tie the defendant to the firearm,that the

firearm was possessed to advance or promote the criminal activity. IN the facts of the Bailey decision,the judiciary Committe believes that the evidence presented by the goverment in that case may not have been sufficent to sustain a conviction for possession of a firearm"in futherance of"the commission of a drug trafficking offense. In that case a prosecution expert testified at MR.Bailey's trial that drug dealers frequently carry a firearm to protect themselves,as well as their drugs and money. Standing on it own, this evidence may be insufficient to meet the "in futherance of"test.The goverment would have to show that the firearm located in the trunk of the car advanced or promoted MR.Baileys drug dealing activity.The Committe beleives that one way to clearly satisfy the "in futherance of" would be additional witness testimony connecting MR.Bailey more specifically with the firearm",id at H.R.Rep.105-344 id at12.

IN United States V.Timmons 283 F3d at 1249(11ct 2002)"Involving a drug and weapon tranaction to officers on one date an a seperate arrest a month later on a warrent for defendant arrest,agents found drugs,weapons,bulletproof vest,and cash".

In United States V.Suarez 31 F3d F3d at 1289-1290(11th cir 2002) "Testimony against defendant was sufficent to convict in conspiracy of"possession in futherance of")\:

In United States V.Ceballos-torres 218 F3d at 411(5th cir 2000). Ivolving a loaded gun found in the open on defendants bed which he claimed was for personal protection,along with 569.8grams of cocaine  and $1,360.00 found nearby in a closet).

In United States V.Mackey 265 F3d at 462(6th cir 2001)"Involving an illegal possessed,loaded short-barreled shotgun in the living

room near the scales and razor blades in a house from which
defendant sold drugs".

In United States V.Finely 245 F3d at 203(2nd cir 2001)"Involving
defendant selling drugs to under cover officer through his kitchen
window,three minutes later officers forcibly entered the house.
Inside officer found defendant alone in the bedroom,in the kitchen
hidden under a pile of clothes officer found a unloaded sawed
off shot-gun".

Jefferson case differs from the cases cited above form different
circuits .Defendant was arrested outside of his wife place of
business ,Jefferson was searched no"weapons or drugs"were found.
(suppressing hearing pg.25,35).A firearm and drugs residue was
found in the place of business,more firearms and cocaine base
found in the residence Jefferson shared with his wife.Jefferson
is neither the owner or renter of the home  or business .There
is insufficient evidence that Jefferson **possessed** the firearms
any time "in **futherance of**" any drug activity at the place of
business or his residence he shared with his wife.The presence
of a gun within the defendants dominion and control during a
drug trafficking offense is not sufficent by itself to sustain
a §924(c) conviction . "A conviction was supported by"a showing
of some nexus between  the firearm and the drug selling operation"
Timmons 283 f3d at 1252-53,citig Finley 254 F3d 199-202.

As the Supreme Court pointed out in Bailey and Smith,the former section §924(c) was not intented to punish"possession alone". see id;Bailey 516 U.S. 143,116 S.CT.501.The legislative history of the 1998 amendent adding"possession"to §924(c)expressly clarified that the statue was not intented to cover every possession of a firearm by one who also is a drug trafficker.

In this particular case here the evidence only show that firearms and drugs wre kept in different locations.However,the legislative history of the 1998 amendment and the prior cases requires that specific evidence establish the guns were"possessed" in Futherance of the drug crime,and here is no evidence in the record connecting the guns to any drug transactions.Testimony from agents at defendant suppressing hearing did not connect him with the firearms or selling of drugs during their three(3)month investigation.The evidence is insufficent to sustain defendent convictions because the only the record shows is that drugs and weapons were merely begin kepted,the firearm in the business could have been for business purposes,the firearms in the residence could have been for other reasons as well. The record is void of MR.Jefferson "possessed" the firearms in any way during drug transactions.

## DUPLICITY

In UNited States V.Pleasant 125 F.Supp 2d(E.D.VA.2000)173,Grand jury indicted defendant on five count each of which arose out of alledge armed robberies,counts one and three charged seperate incidents,both occuring on the same day of interfering with commerce by violence,specially armed robbery. In relevant part,counts two and four of the indicment each alledge that Pleasant "during in relation to" and"in futherance of" a crime of violence,did knowingly and unlawfully carry and possess a firearm.Defendant sought for dismissal on grounds of duplicity and multiplicity for count two and four of the indictment that his indictment alleges that the proscribed activity consists of an amalgam of conduct taken from different segments of the statue.
In MR.Jefferson case is similars to Pleasant,in which the Grand jury indicted defendant on six counts each of which arose out of alledge possess with to intent. Count three and five separate incidents,both occuring on the same day of Decmember 6,2002.In relevant part counts four and six of the indictment each alledge that Jefferson knowingly used,carried,and possessed a firearm "during in relation to"and"in futherance of"a drug trafficking crime. Defendant now ask the court to **dismiss** his indictment on count four and six they both alledge two different kinds of conduct under 18 U.S.C. 924(c)(1).


Duplicity is "joining in a single count of two or more distinct and separate offenses".United States V.Hawkes,753 F2d 355(4th cir 1985)(citing 1 wright federal practice and procedures§142(2d ed.1982)."The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular

offense".United States V.Moore,184 F3d 790,793(8th cir 1999)cert.denied
denied 528 U.S. 1161 120 S.CT.1174,145 L.Ed2d 1083(2000).Duplicity
can result in "improper notice of the charges against [the defendant],
prejudice in the shaping of evidentiary rulings,in sentencing,in
limiting review on appeal, in exposure to double jeopardy,and
the danger that a conviction will result from a less than unanimous
verdict as to each separate offense."United States V.Armstrong,974
F.Supp.528,539(E.D.VA.1997)(quoting United States V.Duncan 850
F2d 1104,1108n.8(6th cir 1988). The point of embarkation for
a duplicity analysis is the text of the statue at issue.see.Richardson
V.United States,526 U.S.813,818,119 S.CT.1707,143 L.Ed2d 985(1999);
Bailey V.United States,516 U.S. 137,145,116 S.CT.501,133 L.ed2d
472.The words of the statue are rather simple and straightfoward.
They proscribe two different kinds of conduct.
"First they state that "any person who during in relation to
any crime of violence or drug trafficking crime ...uses or carries
a firearm...shall"receive a certain penalty in addition to the
one imposed for the crime of violence or the drug trafficking
crime. This part of the statue proscribes carrying or using
a firearm at a certain time ("during")and in a certain role
("in relation-to")in respect to other criminal conduct(drug
trafficking crimes or crime of violence)."Second,the words state
that "any person who...in futherance of any such crime,possesses
a "firearm" shall receive the same penalty. This part of the
statue thus prohibits possession,a concept far different than
carring or use,in a certain role("in futherance of")in respect
to certain other activity (drug trafficking or crime of violence).

Given their plain meaning,the words of§924(c)delineate two quite different,albeit related,proscriptions.In so doing,the statue defines two different crimes. Nor does the context,of §924(c)(1)(A) counsel a reading at variance with the plain statutory text. Thusly examined,the statuory text,assessed in context,articulates two different kinds of offenses that in Jefferson indictment,are charged in a single count in both count four and six.Those two counts are duplicitous.

Sorting out the structure of the sentence helps to shed further light upon the meaning of the statutory text.The subject of the sentence at issue is "any person."The term "who"is a relative pronoun within the first dependent clause. The prepositional phrase "during and in relation to"modifies the relative pronoun "uses or carries are the compound verbs;and "firearm"is the direct object.Rather than adding a second modifier to first relative pronoun,(ie"any person who,during in relation to any crime of violence or drug trafficking crime...or carries a firearm ior in futherance of such crime possess a firearm"),the statue begins a second pronoun is then modified by the separate phrase"in futherance of any such crime."The verb in the second dependent clause is"possesses"and the direct object is again a firearm." The use of a second relative pronoun,thepresence of a dependant clause and the choice of different modifiers for the prohibited conduct confirm that the second prohibited act is quite distinct from the first.In the first clause,the use or carriage of the firearm must be "during in relation to"the predicate crime ,while.in the secind clause,the possession of the firearm must be "in futherance of such crime".The proof needed to using or carrying a firearm during in relation to  the predicate crime is very

Here,it is beyond serious question that,under the plain meaning of the words,different evidence is required to prove that Jefferson used or carried the firearms during and in relation to the predicate crime,than ie required to prove that he possessed the firearm "in futherance of"such crime.The Supreme Court's holding in Bailey's makes clear,even if the word meaning does not,that the same evidence will not support a conviction for use/carry and possession.Futhermore,the legislative history of the post-Bailey amendment confirms that the United States must show a higher degree of relationship to the predicate crime if the firearm is merely possessed  than is necessary to prove if the weapon is used or carried during in relation to the predicate crime.

This higher standard will necessarily involve a different showing of proof. That is because possession of the gun must somehow futher or advance the crime of violence, a circumstances not necessary to show that the gun was used or carried "during in relation to"the crime of violence.What the statue proscibes as conduct in the first clause is the use or carry of a gun during(a temporal connection) and in relation to(a substantive connection)a predicate crime.What the statue proscribes in the second clause is possessing a gun in futherance of(with a particular purpose of advancing)the specified crime.Thus the nature of the proscribed conduct marks the post Bailey statue not as an alternative means enactment,but as a statue that proscribes(and punishes)two seperate offenses.

Even though if the united States contended that §924(c)merelys sets forth alternative means of committing a single offense,Count four(4)and six(6)must be dismissed for the reason that each

different from the proof that one possessed a firearm in futherance of the predicate crime.As discussed below,the significance of different modifiers is made evident in boththe legislative history and proof necessary to support conviction.Of course,the text,the s structure and the con text of §924(c)(1)(A)in the statue as a whole rather unambiguously demonstrates that the statue creates seperate offenses.

In analyzing the legislative history of the statue,it is neccessar y,to heed Schads warning that"[decisions about what facts are... neccessary to constitue the crime and therefore must be proven individually,and what facts are mere means,resprent value chocies more appropriately made in first instance by a legislature than by a court.Congress added the part of the statue that proscribes and punishes the possesion of a firearm"in futherance of"a predicate crime on November 13,1998.Before that time,the statue proscribe and punished only"[w]hoever,during and in relation to any crime of violence or drug trafficking crime...use or carries a firearm." Moreover,Congress was aware that"in futherance of" created a different standard of conduct than didthe during and in relation to" language.In the house Committe Report,the Committee stated that "in futherance of is a slightly higher standard and encompasses the "during in relation to"language".H.R.Rep.NO.105-344,at 11(1997). "The goverment must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense."id.12. as to the lower stantard of"during in relation to",Congress consciously intended "to leave undisturbed the body of case law which has interpreted [that]phrase."id.at 12.

count is an algram of the so-called alternative means and thus charges an offense not identified in the statue.Nonetheless,the elements of the offense must be set forth in the indictment.see; Hamling V.United States,418 U.S.87,117,94 S.CT.2887,41 L.Ed.2d 590(1974)."Once it is determined that the statue defines but a single offense,it becomes proper to charge the different means,denounce dijunctively in the statue,conjunctively in each count of the indictment."UCO OIL,546 F2d at 838. Although the indictment in Mr.Jefferson case asserts charges in the conjunctive,it does so by commingling the modifiers and the verbs,thus collapsing the two parts of the statue into one jumbled mess.If,as the United States contends,§924(c)is an alternative means statue,a **properly** drafted indictment would charge Jefferson with "using and carrying a firearm during in to a drug trafficking crime and possession of a firearm"in futherance of a drug trafficking crime".Instead the garbled indictment conflates the two by charging that Jefferson Knowingly used,carried,and possessed a firearm "during in relation to"and "in futherance of"a drug trafficking crime.There is no such crime in §924(c)(1)(A),or otherwise."To meet the demands of the Fifth and Sixth Amendments,an indictment must(1)contain the elements of the charged offense and fairly inform a defendant of the charges against him,and(2)enable him to plead double jeopardy in defense of future  prosecutions for the same offense."Sutton,961 F2d at 479(citing Hamling,418 U.S.at 117,94 S.CT.2887).see also UNited States V.Roberts,296 F2d 198,200(4th cir 1961)("The primary offices of an indictment are to inform the defendant of the offense with which he is charged with suffcent clarity to enable him to prepare his

own defense,and to permit him to plead a former conviction or acquittal in bar to a subsequent indictment for the same offense").

The problem presented by counts four(4)and six(6)is not so much the failure to plead an essential element as it is the failureto **properly** plead the essen tial elements.This error warrants dismissal of the counts because the indictment does not "fully,directly,and expressly,without any uncertainity or ambibuity,set forth all the elements necessary to constitue the offen[se]intended to be punished."Hamling,418 U.S.117,94 S.CT.2887.From the face of the indictment,neither Jefferson nor the court can determine precisley how he is alleged to have violated §924(c).Mr.Jefferson count four(4)and six(6) of the indictment should be dismissed because each alledge two different kinds of offense under the same weapon subsection §924(c)(1)(A)which is duplicitous.

## INEFFECTIVE OF COUNSEL

In Stickland V.Washington 466 US 668,80 LEd2d 674,104 S.CT 2052, stated"that in order to claim that counsel assistance was defective two components must be shown." 466 US AT 687.

### "THE FIRST TEST"

First, the defendant must show that counsel's performance was deficient.This requires shoeing that counsel made errors so serious that counsel was not functioning as the"counsel"guaranteed the defendant by the Sixth Amendantment.

Mr.Jefferson contends under the first test of the Strickland prong he satifies because his defense counsel did not research case law before the plea agreement nor during pretrialinvestigation. Counsel's errors were so deficient that defendant recieved a harsher sentence under 18 U.S.C.§924(c)and the elements thereof in which he did not violate according to the decision in the Supreme Court case Bailey,116 S.CT.509,and other circuit cases that deals with the elements and all the prongs of §924(c). Defense counsel performance was so errors that she did not investigate mitigating evidence against defendant,that the goverment used "trace amount"of drug residue as a drug trafficking offense until his sentencing when defendant detected the error.The "trace amount" of drugs was used to enhance the defendant under the first §924(c) count because of the underlying felony charge;defendant contend that had counsel investigated "trace amonut"is not a felony offense under 21 U.S.C.841(a)(1)but a simple possession under 21 U.S.C.844(a)(1)a misdemeanor.see(Judges opion pg.3)

see;Williams V.Taylor,529 US.362,396-399(2000)"Counsel's failure t
to investigate and present substantial mitigating evidence during
sentencing phase of a captial murder trial denied defendant
constitutional guarantee of effective asstiance of counsel.see,
Wiggin V.Smith,539 US.510,519(2003)"performance prong is highly
deferential to counsel's choices and informed strategic decisions
are virtually unchallengeable.)

However under the first prong under 0f the Stickland test the
defendant meet with out any doubt,if counsel would have researched
case law the out come would have been different and the defendant
sentence leniter.

### "The Second Test"

Second,the defendant must show that the deficient performance
prejudiced the defense.This requires showing that counsel's
errors were so serious as to deprive the defendant of a fair
trial,a trial whose result is reliable.

Mr.Jefferson contends that under the second test of the Strickland
prong he satifies because his defense counselprejudiced him
by not objecting to the prosucutors statment at his suppresing
hearingwhen counsel called defendant wife to testify to events
that happen,and to the officerstbestimony stating that she said"that
she bought weapons for defendant drug dealing ".The prosecutors
stated"thatiff defendant wife testifies she would be indicted
for the statement the officers made"vthis prejudiced rthedefendant
to a fair trial and the right to confront the statement that
was testimonal because thestatement was used in various opinionsr.
Defense counsel advised defendant that constructive possesion
of a firearm violated the elements under 18 U.S.C.§924(c)(1)for
knowingly used,carried,and possessed a firearm"during in relation

to"and "in futherance of"a drug trafficking offense.Counsel's anto
information to defendant was prejudiced to defendant,under the
elements of §924(c)(1)more is reqqured than just firearms being
in aarea were a drug trafficking crime occurs.see,United States
V.Timmons 283FF3d at 1252-53(11th cir 2002)citing United States
V.Finley 245FF3d 199,202(2d cir 2001).

Counsel claimed her own ineffectiveness at defendant motion
of extension of time to appeal in which the defendant filed
a letter to the courts seeking the right to appeal.counsel stated"that
that the case wassto much for her because she was not federal
experienced;and she wished to with draw off defendant case,this
also prejudiced the defendant to an effective direct appeal.see,
Glover US.531,198(2004)"assuming counsel erred in failing to
press grouping arguments in sentencing phrase of defendant trial
and upon appeal increase of sentence from 6to21 months constitued
prejudiced for purposes of ineffective assitiance claim")see,
Burns V.Gammon 260 F3d 892,897(8th cir 2001)"Counsel failure
to object to prosecution's closing statement,whic derogated
defendants rights to a jury trial and to confront witness,prejudiced
defendant")"a reasonable probability that,but for counsel's
unprofessional errors,the results of the proceeding would have
been different"Stickland,466,U.S.at 694,104 S.Ct.at 2068.

The Sixth Amendamtent refers simply to "counsel,"not specifying
particular requirements of effective assistance.It relies instead
on the legal profession,s maintenance of standards suffcent
to justify the law's presumption that counsel will fulfill the
role in the adversary process that the Amendment envisions.see
Michel V.Louisiana,350 U;S.91,100-101.100 L Ed83,76 S Ct 158(1955)

Representation of a criminal defendant entails certain basic duties.Counsel's function is to assist the defendant,and hence counsel owes the client a duty of loyalty,a duty to aviod conflicts of intrest.see Cuyler V.Sullivan,supra,at 346,64 LEd 2d 333,100 S.CT 1708.Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process.see,Powell V.Alabama,287 US,at 68-69,77 LEd 158,53 S.CT 55,84 ALR 527.In any case presenting an in effectiveness claim,the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.At the same time,the court should recognize that counsel is strongley presumed to have rendered adequate decisions in the exercise of reasonable professional judgement.These standards require no special amplification in order to define counsel's duty to investigate,the duty at issue in this case.An application of the governing principles is not difficult in this case.The facts make clear that the conduct of defendants counsel at and before defendant's sentencing proceeding cannot be unreasonable.They also make clear that,even assuming challenge conduct of counsel was unreasonable,defendant suffered prejudiced to vacating his conviction under 18 U.S.C.§924(c).

## "Confrontation Clause"

In Crawford V.Washington 124 S.CT.1354,158 L.Ed2d,177(2004)"held that the "Confrontation Clause"bars the state from introducing into evidence out-of-court statements which are testimonial in nature unless the witness is unavailable and the defendant had a prior oppartunity to cross-examine the witness reguardless of wheter the statements are deemed reliable".Crawford redefines the Sixth Amendment jurisprudence by holding that the term"witness" does not encompass all hearsay declarants,but rather denotes only those who"bear testimony".Crawford____U.S._____at_____124 S.CT.at 1364.Testimony, in turn ,is,"[a]solemn declaration or affirmation made for the purpose of establishing or proving some fact'"id.(quoting 1 N.webster,An American Dictionary of the English Language(1828).Although the Court declined to "spell out a comprehensive definition of "testimonial,'"id at 1374,it provided examples of those statements at the core of the definition ,including prior testimony at a preliminary hearing or other court proceeding,as well as confessions and responses made during police interrogations.see id.at 1374.

Petitioner  contends that the Goverment violated his"Sixth Amendment "rights by not allowing him to cross-examine the statement made by his wife to agents during his arrest.The statement made during defendant suppressing(see suppressing pg. 45,46 )was used aganist defendant in various opinions,when defense counsel call defendant wife to testify(suppressing pg. 68,69 )the prosecutor,objected staten" that if defendant wife testifies she would be indicted for purchasing the firearms for the defendants".Mr.Jefferson witness never got the chance to testify to the  facts of the case or expose

the truth of the statement made by agents during his suppressing

hearing.The statement violated the defendant Sixth Amendment

rights under the"Confrontation Clause' to confront statement

made aganist him which was testimonial.see,United States V.Evans

,216 F3d 80,85-86(D.C.2000)"Confrontation Clause violated when

F.B.I.agent testified he received information from prison inmate

defendant involved in drug trafficking because testimony offered

to prove truth of matter asserted,not to aviod selective prosecution

charges or give backgroud information;United States V.McClain

377 F3d 219,221(2d cir 2004)"Crawford rules applies to plea

allocution as testimonial hearsay,because it is formally given

in court,under oath,and in response to questions by the prosecutor;

also,United States V.Rashid,383 F3d 769,775,76(8th cir 2004)"Crawford

rules applies to testimonial statements taken by police officers

in course of interrogations. see,Lilly V.Va. 527 U.S.116,134(1999)

"Confrontation Clause violated by admission of confession of non-

testifying accomplice because confession shifted blame to defendant

and was not aganist the declarant's penal interest).

CONCLUSION

Mr.Jefferson conviction under 18 U.S.C.924(c)(1),for count four(4)
and six(6)of the indictment with respect to the court should
be vacated.Based upon facts of the case and the record,MR.Jefferson
is beyond any reason of a doudt is **innocent** of violating the
statue and elements under §924(c).The evidence that requires
to violate the elements under §924(c),Mr.Jefferson does not
come close in violating the elements under the statue,in light
of all the evidence no reasonable jury would have found him
guilty of violating the section of §924(c)(1).Agents testified
at Jefferson Suppressing hearing (pg.26,47) that in a three month
investigation they never saw defendant use,carry,or possesses
any firearms or conduct any drug transaction from any of the
locations.Agents also testified that informants gave information
that defendant sold drugs (see suppressing pg.27,29,30,31 ),but never
bought drugs from defendant at his wife place of business or
their residence they shared together.The record is void of evidence
that defendant handled any of the firearms "during in relation
to"or "in futherance of"a drug trafficking crime.There's no
evidence that Mr.Jefferson kept the gun accessible when conducting
drug transaction,if he conducted anythe record is void of this
type of evidence.The facts that"drug dealers"in general often
carry guns for protection is insufficient to show that MR.Jefferson
**"used,carried,and possessed"**firearms"during in relation to"and
I in futherance of"a drug trafficking offense,in this particular
case.All the goverment has proven is that the firearm were present
in defendant wife place of business along with trace amount

of residue,in the residence of defendant was firearms and cocaine base;there was no utterly no proof that the firearms were **used,carried,or possessed**,at anytime,forany reason,in anyway related to the trafficking of narcotics nor that the defendant i ntented for the firearms to be available for use.

Mr.Jefferson submits that the convictions for count four(4)and six(6)of the indictment to be vacated,with respect to the courts..

Mr.Jefferson ask the courts with respect to allow him to pursue his actually innocent claim...

Mr.jefferson ask the courts with respect to dismiss his indictment on count four(4)and six(6)for duplicity.

Mr.Jefferson ask the court with respect to remand for lesser including offense on count three of the indictment.

Mr.Jefferson ask the court with respect to grant his ineffective assitance claim.

Mr.Jefferson ask the courts with respect to remand with instruction to confront the statement made aganist him  that was testimonial.