Exhibit "F" Ineffective of Counsel
Sentencing pg.18, Motion to Suppress pg.68,69,
ProSe Request to appeal out of time pg.28,29.

Sentencing

1   two or more consecutive terms for violation of
2   924(c)(1) by possessing firearms while simultaneously
3   trafficking in two or more controlled substances, and
4   that's where you pointed out in your opinion the
5   rulings of U. S. v. Johnson and U. S. v. Anderson in
6   which it indicated, at least my understanding of your
7   opinion was, that there could not be two separate
8   enhancements based upon those facts.
9           THE COURT:  Well let's take up your first
10  issue.  Your first concern is that the drugs found at
11  the business were residue drugs, right?
12          MS. COPPER:  Yes, sir.
13          THE COURT:  Therefore your concern is
14  whether that can serve as a basis for a 924(c)(1)(a)
15  conviction?
16          MS. COPPER:  Yes, sir.
17          THE COURT:  Just because it's residue rather
18  than --
19          MS. COPPER:  Yes, sir, and because it's my
20  understanding that there has to be a relationship
21  between the actual drugs and the guns that the
22  Government is attempting to use as a basis for the 924
23  enhancement.  That was my understanding.
24          THE COURT:  Now first of all, why would I be
25  looking at this at the time of sentencing?  He's

S. H.

1  front of Head to Toe?

2  A. Yeah. The second handicapped.

3  Q. Would that have been pretty near to where her car was,

4  within five or six feet of her car?

5  A. Yes, ma'am.

6      MS. REDMOND: Nothing further.

7      THE COURT: Any redirect?

8      MS. COOPER: No, Your Honor.

9      THE COURT: You may be excused. You may remain in the

10 courtroom or leave.

11     Next witness.

12     MS. COOPER: Your Honor, I would call Jennifer Hawk.

13 would make a motion to the Court, Judge, to limit her testimony

14 to the issues of consent regarding the search. Ms. Hawk is a

15 defendant in the Circuit Court of Russell County on charges

16 similar in nature arising out of the same set of facts and

17 circumstances as this case.

18     MS. REDMOND: In addition, Your Honor, I might add th

19 there is a possibility that Ms. Hawk will be added to a

20 superseding indictment as a coconspirator. Yes, ma'am. I

21 thought I should tell the Court.

22     THE COURT: How sure are you that she's going to be

23 added? Do you have plans to add her?

24     MS. REDMOND: At this point, yes, ma'am, on the June

25 15th --

S. H.

1  THE COURT: Well, then she shouldn't testify.
2  MS. REDMOND: -- grand jury.
3  THE COURT: She should not testify. Her counsel is not
4  here.
5  MS. COOPER: Your Honor, I represent her in Circuit
6  Court of Russell County.
7  THE COURT: But you won't be able to represent her
8  here.
9  MS. COOPER: Yes, ma'am. I understand. I just wanted
10 the Court to know that. And I did receive an advisory opinion
11 from the Bar before I undertook that.
12 THE COURT: Because you will not be able to represent
13 her here, Ms. Hawk's interests as a potential defendant in this
14 court are not protected and the Court can't permit her to
15 testify. She's a likely codefendant of Mr. Jefferson. I don't
16 know how it could be limited in a way that both protects her
17 Fifth Amendment rights and protects her Sixth Amendment rights.
18 There would always be room for counsel later to object -- that
19 is, her counsel -- and I'm not going to put -- I'm not going t
20 create that risk.
21 MS. COOPER: Based upon that, Your Honor, we would
22 rest.
23 THE COURT: Anything further from the government?
24 MS. REDMOND: No, ma'am. No further witnesses to be
25 called.

```
 1          THE COURT:  How much were you paid?
 2          MS. COOPER:  I was not paid quite fifteen
 3  thousand dollars.
 4          THE COURT:  Do you know approximately how
 5  much you were paid?
 6          MS. COOPER:  I think there is less than a
 7  thousand dollars balance on that.
 8          THE COURT:  Is there any likelihood that you
 9  won't get it?
10          MS. COOPER:  I don't know, Your Honor.
11          THE COURT:  Well he's in jail.
12          MS. COOPER:  I doubt I will, but --
13          THE COURT:  Is there any other source?
14          MS. COOPER:  No, sir.  I know his wife is
15  having a very bad time financially.
16          THE COURT:  And they have a child.
17          MS. COOPER:  They have a young child.
18          THE COURT:  I think it's pretty fair to
19  assume that you won't get that thousand dollars.  So
20  you received approximately fourteen thousand dollars?
21          MS. COOPER:  Yes.
22          THE COURT:  Why is it that you can't
23  represent him on appeal?  I don't understand.
24          MS. COOPER:  Judge, I don't mind doing it.
25  I very much believe in this case.  But I feel like
```

```
 1   from a professional standpoint, I have been an
 2   attorney for twelve years and I've never handled a
 3   federal appellate case, and I just felt that he would
 4   be in better qualified hands if the Court could
 5   appoint someone who does that regularly and routinely.
 6   That was my only concern, Judge.
 7           THE COURT:  But when you took the case
 8   didn't you recognize that there might be an appeal?
 9           MS. COOPER:  Well in all cases there could
10   be an appeal, but generally the fee that I quote
11   someone is generally not for an appeal.  I don't mind
12   doing the case.  The money is not a question for me.
13           THE COURT:  Well, but I think at the time of
14   arraignment aren't you informed that your
15   representation is through an appeal?  I think that our
16   magistrate judges typically inform all lawyers of
17   that.
18           MS. COOPER:  I was given a notice of that
19   Judge, and I can't remember exactly what it said but
20   something to the effect that we would be required to
21   file the notice of appeal.  And it's my understanding,
22   and I may be incorrect in this, and I could be wrong
23   with that, that we could be relieved for appeal.
24           THE COURT:  I'm not aware of that.  I think
25   it says you are responsible to represent the defendant
```

PRO SE

```
 1  through the appellate process.  So whatever financial
 2  arrangements you make, you will represent the
 3  defendant through that process.
 4          If you don't think that you can represent
 5  him on appeal, why would you have taken the case to
 6  begin with?  What issues would rise on appeal that
 7  wouldn't arise in District Court?
 8          MS. COOPER:  The only thing I can say, Your
 9  Honor, is in this case, I don't think I've ever had
10  quite as complicated a case and I have been doing
11  criminal law now for about twelve years.  And of
12  course the federal system is totally different than
13  the state system, and I wasn't aware that I would at
14  the time that he retained me that I would be
15  responsible for the appeal also.  I was not aware of
16  that.
17          THE COURT:  Let me ask the defendant.  Will
18  the clerk swear him in.
19          (Whereupon, the defendant was duly sworn by
20  the courtroom deputy clerk.)
21          THE COURT:  Mr. Jefferson, do you have any
22  financial resources to afford a lawyer for an appeal?
23          THE DEFENDANT:  No, sir.
24          THE COURT:  Does your wife have any
25  resources?
```