IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 FEB 21 A 9: 39

UNITED STATES OF AMERICA  )

VS.                       ) CIVIL ACTION NO.3:06cv60-MHT

WENDALL JEFFERSON         )

**AFFIDAVIT**

STATE OF ALABAMA   )
COUNTY OF RUSSELL  )

I, **Connie Cooper**, being duly sworn, and in response to this Court's Order entered January 27th, 2006, state as follows:

1. I was retained to represent Mr. Wendall Jefferson in the Middle District of Alabama on a six count indictment charging him with two counts each of three federal statutes: 18 U.S.C.A. 922 (c) (possession of a firearm in furtherance of a drug trafficking offense or a crime of violence) 18 U.S.C.A 922 (g) (felon in possession of a firearm) and 21 U.S.C.A. 841 (a) (possession of a controlled substance with intent to distribute). I also represented him on appeal to the United States Court of Appeals for the Eleventh Circuit in which the case was affirmed.

2. Mr. Jefferson alleges in his 2255 motion that he received ineffective counsel in that counsel did not research the case law applicable to his case. I submit that not only did I research the case law and applicable statutes in this matter but the Hon. Myron Thompson issued a 19 page opinion outlining Mr. Jefferson's contentions regarding his assertion that the two 924 (c) violations were committed simultaneously and therefore one of them cannot be counted as "second or subsequent conviction" to the other. My recollection of the

original meetings with the United States Attorney and the probation officer, Mr. David Connelly, was that the second conviction would not require the imposition of an additional 25 year sentence. Once it was determined that, as a matter of law, the Court would be required to impose the additional 25 year sentence, I filed, at the request of Mr. Jefferson, a Motion To Withdraw Guilty Plea. My recollection is that the Court entered into a colloquy with Mr. Jefferson and he reaffirmed his plea after the Court specifically outlined his rights. Mr. Jefferson and I were informed by the United States Attorney that if he withdrew his guilty plea, his wife would be indicted for the same charges that Mr. Jefferson was indicted for. It is my opinion, based upon Mr. Jefferson's representations to me, that he reaffirmed his plea in order to protect his wife and prevent her from having to face the serious charges as the couple have a young son. Additionally, it is correct that both myself and I believe the probation officer, initially, held a belief that Mr. Jefferson would not be subject to the 25 year mandatory enhancement. (See the initial appearance hearing on March 27, 2003 transcript page 8 where the court did not inform Mr. Jefferson of the 25 year enhancement.) (Also see the July 2, 2003 change of plea proceeding pages 5 and 6 whereby Mr. Jefferson is still not informed of the mandatory 25 year enhancement.) I made an objection to the probation officer but I feel this is a moot point due to Mr. Jefferson reaffirming his plea.

    3. Mr. Jefferson under his "The Second Test" section of his ineffective assistance of counsel claim appears to assert that his constructive possession of a firearm should not have brought him under the 924 (c) enhancement provision. Mr. Jefferson, under oath reaffirmed his guilty plea and admitted that he possessed the firearms. I offered to Mr. Jefferson, on more than one

occasion, that if he desired to proceed to trial that I would inform the Court and we would proceed to trial but he never requested a trial.

4. Mr. Jefferson appears to contend that at his Motion To Suppress hearing that prejudicial statements were made regarding his wife's assertions to officers at the time of his arrest. It is my recollection that we called his wife to testify and the United States Attorney informed the Court that his wife would be charged with the same offenses. The Court ruled that without counsel, she could not be called as a witness. The hearing continued and the Court issued a ruling adverse to Mr. Jefferson.

5. When Mr. Jefferson filed a pro se Motion To Appeal Out Of Time, I did inform the Court that I had limited experience in the federal court system but that I was willing to represent Mr. Jefferson on appeal if he desired that I continue to represent him. Mr. Jefferson informed the Court that he desired that I represent him on appeal. At that time I studied the appellate rules and again diligently researched the applicable case law. Throughout my representation of Mr. Jefferson, I consulted with Ms. Christine Freeman, on more than one occasion, for her input and recommendations. I submit that my representation of Mr. Jefferson met the requirements of *Strickland*.

Further Affiant saith not, this 14th day of February, 2006.

/s/ Connie Cooper
CONNIE COOPER
AL Bar No. ASB-9126-062C
PO BOX 3110
PHENIX CITY, AL 36868
TEL: (334) 297-9442
FAX: (334) 297-6008

STATE OF ALABAMA            )

COUNTY OF RUSSELL           )

 I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, do hereby certify that **CONNIE COOPER**, whose name is signed to the foregoing Affidavit, and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, she executed the same voluntarily, on the day the same bears date.

 **GIVEN** under by hand and official seal this 14th day of February, 2006.

*[signature]*
Notary Public
My Commission Expires: 9-16-09

## CERTIFICATE OF SERVICE

I certify that I have served upon the Clerk of the Court by placing the original of the foregoing in the US mail, postage prepaid and properly addressed as follows:

Debra P. Hackett
Clerk of the Court
PO Box 711
Montgomery, AL 36101-0711

I further certify that I have served a copy of the foregoing upon the following by placing an exact copy in the U.S. mail postage prepaid and properly addressed as follows:

Louis V. Franklin, Sr., Esquire
Chief Criminal Division
One Court Square
Suite 201
Montgomery, AL 36104

Mr. Wendall Jefferson
Beaumont United States Penitentiary
No. 11199-002
4550 Herbert Road
Beaumont, Texas 77705

This the 14th day of February, 2006.

_____
CONNIE COOPER