## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO.  3:06cv60-T |
| | ) | (3:03cr63-T) |
| WENDALL JEFFERSON | ) | |
| | ) | |
| Defendant/Movant. | ) | |

### UNITED STATES' RESPONSE TO § 2255 MOTION

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's order to show cause, responds to Defendant/Movant Wendall Jefferson's Motion under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

### I.  PROCEDURAL HISTORY AND RELEVANT FACTS

On February 27, 2003, a grand jury sitting in the Middle District of Alabama issued an indictment against Wendall Jefferson (Jefferson). (Doc.3)  The six-count indictment alleged that Jefferson, in Phenix City, Alabama, on or about December 6, 2002, knowingly and willfully possessed firearms - an AA ARMS model AP9, 9mm, semi-automatic pistol serial # 039872 [Count 1], an SWD, model M11, 9mm, semi-automatic pistol, serial # 89-0063823 and an L.C. SMITH, model Field Grade, 20 gauge shotgun, serial #FWS9738[Count 2], and ammunition - having been previously convicted in a court of a crime punishable by imprisonment in excess of one year, to-wit: Assault first degree in the Circuit Court of Russell County (CC 97-529), in violation of Title 18 United States Code, Section 922(g)(1).

The indictment further alleged that Jefferson, on or about December 6, 2002, did

knowingly and intentionally possess with intent to distribute both a mixture containing cocaine [Count 3], and 50 grams or more of a mixture containing cocaine base ("crack")[Count 5], in violation of Title 21, United States Code, Section 841(a).

Finally, the indictment charged in Counts 4 and 6 that Jefferson, on or about December 6, 2002, knowingly used, carried, and possessed firearms - one AA ARMS, model AP9, 9mm, semi-automatic pistol #039872 and one SWD, model M11, 9mm, semi-automatic pistol # 89-0063823 and an L.C. SMITH, model Field Grade, 20 gauge shotgun #FWS9738 - during and in relation to, and in furtherance of, two separate federal drug-trafficking crimes, to wit: possession of cocaine and 50 grams or more of a mixture containing cocaine base ("crack") in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 18, United States Code, Section 924(c)(1)(A).

On or about April 30, 2003, a Grand Jury sitting in the Middle District of Alabama returned a Superceding Indictment against Jefferson charging him with the previously stated charges. (Doc. 25).

On or about May 14, 2003, Jefferson filed a Motion to Suppress and Citations of Authority claiming that the physical evidence collected was a result of an illegal search and seizure and that any statements made by the defendant, as a result of the illegal search and seizure, should be suppressed as well as the physical evidence. (Doc. 28).

On or about May 29, 2003, a motion hearing was held before United States Magistrate Judge McPherson wherein Jefferson's Motion to Suppress was taken up. *See* Attachment A, Transcript of May 29, 2003 Hearing on Motion to Suppress.   The Government presented evidence that established that the officers had reasonable suspicion to conduct an investigatory

stop of Jefferson and his wife, that Jefferson's wife was the owner of the vehicle, business and residence that were searched, and that she had given consent to search the properties. The Court further found that Jefferson lacked standing to challenge the searches of the properties. (Doc. 37 at 7, 8). The District Court adopted the findings of Judge McPherson on June 24, 2003. (Doc. 39).

Jefferson entered into a plea agreement with the United States pursuant to Fed. R. Crim. P. 11(a)(2) and 11(c)(1)(A) on July 2, 2003. The plea agreement provides that in consideration of the Government agreeing not to bring charges against Jefferson's wife, Jennifer Hawk, Jefferson would plead guilty to all counts of the indictment. He retained his right to appeal the issues raised in his suppression motion, and would forfeit all property and proceeds used to facilitate the commission of the offenses or obtained as a result of the commission of said offenses, including all firearms and ammunition. (Doc. 41).

On July 2, 2003, Jefferson entered a plea of guilty to all counts of the indictment after being apprised of his rights, the maximum penalties for each count of conviction and the charges to which he was pleading guilty. Jefferson affirmed that he was guilty of possessing the firearms named in the indictment, that at the time he possessed said firearms he was a convicted felon, that he had in fact possessed a mixture containing cocaine and possessed cocaine base with the intention to distribute, and that he carried and knowingly possessed the firearms listed in the indictment while engaged in the drug trafficking crimes described by the Court. *See* Attachment B, Transcript of July 2, 2003 guilty plea hearing.

On December 4, 2003, Jefferson appeared before the District Court for the Middle District of Alabama, Judge Myron H. Thompson, for sentencing. *See* Attachment C, Transcript

3

of December 12, 2003 sentencing hearing. Jefferson raised an objection to the Presentence Investigation Report, namely, that he was not aware that he could receive a twenty-five year sentence, consecutive to any other sentence as to Count 6 of the indictment, at the time he entered into the plea agreement and entered the plea of guilty. *Id.* at 4-6. The District Court treated Jefferson's objection, in part, as an oral motion to withdraw his guilty plea. *Id.* at 14. In accordance with the motion, the District Court asked whether Jefferson wished to withdraw his guilty plea, to which Jefferson replied in the negative. *Id.* at 15. The District Court then invited Jefferson to re-affirm his plea of guilty under oath, and Jefferson immediately did so. *Id.* at 15-18. After reaffirming Jefferson's guilty plea, the District Court heard argument as to Jefferson's objections that he should not be subject to a mandatory minimum consecutive sentence enhancement for the second or subsequent conviction under Title 18, United States Code, Section 924(c)(1)for Count 6 of the Indictment. The District Court then recessed the hearing to review the arguments and case law submitted. *Id.* at 27. The District Court issued an Opinion on February 3, 2004, setting out the Court's factual and legal findings and stating a proposed sentence. *See* Attachment D, Memorandum Opinion issued February 3, 2004 at 19 .

On March 11, 2004, Jefferson filed a motion to withdraw his plea of guilty. (Doc. 58). At the reconvened sentencing hearing conducted on March 17, 2004, the District Court orally denied Jefferson's motion to withdraw his plea of guilty, and sentenced Jefferson to 438 months total imprisonment to be followed by 5 years supervised release. *See* Attachment E, Transcript of March 17, 2004 sentencing hearing. The term of imprisonment included 78 months' imprisonment on Counts one, two, three, and five, 60 months as to count four - possession of a firearm in violation of Title 18, United States Code, Section 924(c)(1), and 300 months as to

4

count six for a second or subsequent conviction under Title 18, United States Code, Section 924(c)(1), pursuant to Section 924(c)(1)(C)(i). Judgment was entered on March 19, 2004. (Doc. 61).

Jefferson filed a Pro Se Motion to Appeal Out of Time on April 6, 2004. (Doc. 62). On April 29, 2004, after a hearing on the issue, Judge Thompson modified the motion as a request for an extension of time, and granted the motion. (Doc. 66). Jefferson filed a Notice of Appeal on April 30, 2004. (Doc. 68).

Jefferson appealed to the United States Court of Appeals for the Eleventh Circuit, which affirmed this Court's judgment on December 16, 2004. The appellate decision was issued as mandate on January 19, 2005 and entered onto the docket sheet in Crawford's case. *See* Attachment F, Judgment of The United States Court of Appeals For the Eleventh Circuit.

Jefferson filed a Motion to Vacate, Set Aside or Correct Sentence on January 23, 2006. On January 27, 2006, this Court entered an order directing the United States to respond within thirty days. The Order directed the United States to address the applicability of the one-year period of limitation for § 2255 motions. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Jefferson raises the following issues in his motion under § 2255:

1.    His rights were violated because counts four and six of the indictment , violations of Title 18 United States Code, Section 924(c) are duplicitous, and

2.    His rights were violated because the elements of counts four and six were

not established by the record, and

3.    His rights were violated because he was misinformed by the Court as to the elements of counts four and six, and

4.    His rights under the Sixth Amendment to the United States Constitution were denied because he was not permitted to a call a witness at the hearing on his Motion to Suppress; and

5.    His rights were violated because he was erroneously convicted of count three of the indictment, a violation of Title 21, United States Code, Section 841(a)(1); and

6.    His counsel was ineffective due to her failure to research the law before allowing him to plead, and

7.    His counsel was ineffective because she said she was ineffective, and

8.    His counsel was ineffective because of her failure to raise the above-listed claims at sentencing and on appeal.

### III.  RESPONSE TO CLAIMS FOR RELIEF

A.    **Jefferson Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255**.

As an initial matter, it should be noted that Jefferson has filed his 2255 motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time to seek relief under the rule.  The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

Jefferson was sentenced on March 17, 2004, and appealed his sentence to the Eleventh Circuit Court of Appeals.  The Eleventh Circuit affirmed his sentence on December 16, 2004. *See* Attachment F. The Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to the appellate court when the time for seeking certiorari review in the Supreme Court expires.  *See, Kaufman v. United States,* 282 F.3d 1336, 1337-39 (11th Cir.2002),

6

*cert. denied*, No. 01-10986, 2002 WL 1434325 (U.S. May 1, 2002).  Because Jefferson had

ninety days from entry of judgment by a United States court of appeals to petition for certiorari

review, his judgment of sentence became final on March 16, 2005.  *See* Sup. Ct. R. 13.1.

Therefore, under § 2255, Jefferson had until March 16, 2006 - one year from March 16, 2005 - to

file his motion.  He filed his motion on, at the latest, January 23, 2006.  It is, therefore, timely.

**B.      This Court Should Dismiss All of Jefferson's Claims, Except  Ineffective
Assistance Of Counsel, Because All Of Those Claims Are Procedurally Defaulted
Because They Were Either Raised On Direct Appeal, Or They Could Have Been
Raised On Direct Appeal, But They Were Not.**

        Jefferson is not entitled to relief on those claims that he did not raise at or prior to the

entry of his guilty plea or on appeal, but he could have.  His appeal to the Eleventh Circuit

addressed one of the issues listed above - the duplicitous nature of counts four and six - and the

Eleventh Circuit affirmed the district court's action.  *See* Attachment F at 19-20. He did not

appeal the Eleventh Circuit's decision to the Supreme Court.

        A motion under § 2255 cannot be used as a substitute for appeal, *Burke v. United States*,

152 F.3d 1329, 1331 (11th Cir. 1998), and claims not raised at trial or on direct appeal that could

have been are generally barred from review in § 2255 proceedings, *McCoy v. United States*, 266

F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 2362 (2002).  In *Mills v. United States*,

36 F.3d 1052 (11th Cir. 1994), the Eleventh Circuit succinctly summarized the law concerning

procedural default as follows:

                Generally speaking, an available challenge to a criminal conviction or
        sentence must be advanced on direct appeal or else it will be considered
        procedurally barred in a § 2255 proceeding....  A ground of error is usually
        "available" on direct appeal when its merits can be reviewed without further
        factual development....  When a defendant fails to pursue an available claim on
        direct appeal, it will not be considered in a motion for § 2255 relief unless he can

> establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."...

*Id.* at 1055-56 (internal citations omitted). *See also*, *McCoy v. United States, 266 F. 3d at 1258* ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. *See, e.g., Bousley v. United States,* 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'...or that he is 'actually innocent[.]'").

In this case Jefferson has clearly defaulted his claims that do not relate to ineffective assistance of counsel, and he has not alleged any cause and prejudice, to overcome these procedural defaults.

**C.    Jefferson's Claims Are Without Merit Even If They are not Procedurally Defaulted.**

Though defendant does assert "actual innocence" in his claim that he was not aware of the elements of Title 18, United States Code, Section 924(c), he fails to set out facts or make an argument as to his actual innocence. Additionally, the defendant plead guilty to all counts of the Indictment. Therefore, those claims for relief should be rejected.

As was noted above, Jefferson filed an appeal to the Eleventh Circuit Court of Appeals, challenging his sentence. In the brief filed by counsel for Jefferson, an issue, though not directly raised by Jefferson on appeal, was nonetheless discussed and dismissed by the Court. The issue

8

is as follows:

1.      His rights were violated because counts 4 and 6 of the indictment were

        duplicitous.

The Eleventh Circuit addressed this issue and found it to be without merit.  *See*

Attachment F at 19-20.  Jefferson has already litigated this issue and it is not, therefore, properly

before this Court in this § 2255 proceeding.  As the former Fifth Circuit held, a district court

need not "conduct a hearing and relitigate issues that were raised by the petitioner in his direct

appeal."  *Kastenbaum v. United States*, 588 F.2d 138, 139 (1979).

2.      His rights were violated because the elements of  counts four and six were not

        established by the record.

Jefferson's claim that the elements of counts four and six were not supported by the

record is without merit. The indictment tracked the statutory language and contained every

element of the charged offense. The written plea agreement between the parties clearly sets out

the elements of each charge to which Jefferson plead guilty. In addition, at the change of plea

hearing held on July 2, 2003, Jefferson was placed under oath, executed the plea agreement  and

had the following conversation with the Court:

> THE COURT: Did you, on or about 6 December 2003 in Russell
> County, Alabama within the Middle District of Alabama,
> knowingly and intentionally possess with intent to distribute a
> mixture containing cocaine?
>
> A: Yes, ma'am.
>
> THE COURT: And did you know at the time you possessed it that
> it was unlawful to possess it?
>
> A: Yes, ma'am.

9

THE COURT: Did you, on or about 6 December 2003, knowingly and intentionally possess with intent to distribute fifty grams or more of a mixture or substance containing cocaine base or crack cocaine in Russell County in the Middle District of Alabama?

A: Yes, ma'am

THE COURT: And at the time you did so, did you know it was unlawful to possess the controlled substance that I just described?

A: Yes, ma'am.

THE COURT: As to the counts four and six did you, on or about 6 December 2003, while you were engaged in a drug trafficking crime that I just described, possess knowingly – I'm sorry– used, carried and possessed knowingly a firearm as described in the plea agreement?

A: Yes, ma'am.

THE COURT: Did this occur in Russell County Alabama in the Middle District of Alabama?

A: Yes, ma'am.

Therefore, Jefferson's argument that his rights were violated because the elements of counts four and six were not supported by the record, fails. The elements were established on the record, by the Court and Jefferson and by the executed plea agreement. *See* Attachment B at 17-18.

3.    His rights were violated because he was misinformed by the Court as to the elements of counts four and six.

Jefferson's claim that he was misinformed by the Court as to the elements as to counts four and six must fail because the record, as set out above, establishes that the Court correctly informed him as to the elements of counts four and six.

10

4.      His rights were violated because he was erroneously convicted of count three of

the indictment, a violation of Title 21, United States Code, Section 841(a)(1).

Jefferson contends that he was erroneously convicted of a violation of Title 21, United

States Code, Section 841(a)(1) because the "trace amount" of cocaine charged in the indictment

does not constitute a crime and would have allowed for a conviction for a misdemeanor offense.

Jefferson was charged and plead guilty to a violation of Title 21, United States Code,

Section 841(a)(1)(b)(1)(C), specifically the language of the indictment was:

> On or about the 6th day of December, 2002, in Phenix City, Alabama, in the Middle
> District of Alabama, the defendant did knowingly and intentionally possess with intent to
> distribute a mixture containing cocaine, a schedule II Controlled Substance, in violation
> of Title 21, United States Code, Section 841(a)(1).

Title 21, United States Code, Section 841(a)(1)(b)(1)(C) makes it unlawful for a person to

possess with intent to distribute a Schedule II Controlled Substance and sets as punishment a

possible sentence of not more than twenty years, making it a felony offense. Section (b)(1)(C)

does not require a pre-set amount necessary to establish punishment, only that a person possess a

substance catalogued in Schedule I or II substance. Cocaine is a Schedule II substance pursuant

to the schedules established under the authority of the Attorney General. *See* Title 21, United

States Code, Section 841(a)(1) and (b)(1)(C).

Jefferson does not claim that he was not in possession with intent to distribute the

substance, therefore, Jefferson's claim that he was convicted in error because the amount would

not be enough to establish a felony offense, must fail and should be dismissed.

**D.    Jefferson's Sixth Amendment Claim Should be Dismissed Because it is Without**

**Merit.**

Jefferson claims that his rights pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution were violated when he was not permitted to call his wife, Jennifer Hawke, as a witness at his suppression hearing on May 29, 2003. Specifically, Jefferson claims, "... that agents testified that defendant wife stated "that bought the firearms for defendant drug dealing purposes".(Suppressing pg.  ) The statement later was used in defendants decision of his suppressing hearing, the court of appeals for the Eleventh Circuit used it in defendant decision brief,(pg4)."

The transcript of the suppression hearing is void of any such language as is the opinion entered by the Eleventh Circuit Court of Appeals. *See* Attachment A. The only statement on page four of the appellate decision referencing firearms and Jefferson's wife is, "Hawk told an agent that she purchased these firearms for Jefferson's benefit, because he was a convicted felon." *See* Attachment F, at 4.

Jefferson's claim must fail as he mistakenly relies on statements not made and not relied upon by the Appellate Court.

Finally, even if this Court finds that Jefferson's claim is not procedurally barred, the claim fails because Jefferson fails to establish cause and prejudice.

E.    **Jefferson's Non-Effective Assistance of Counsel Claims Are Without Merit, Even If They Were Not Procedurally Defaulted.**

As was demonstrated in part III. B, above, Jefferson's various claims that the Court acted improperly in alerting him to the elements of the charged offenses and accepting his numerous guilty pleas and affirmations are procedurally defaulted and not properly before this Court in this

12

§ 2255 proceeding.  However, even if they were properly before this Court, they are without any

merit and should be rejected for that reason, as well.

**F.**   **All of Jefferson's Ineffective Assistance of Counsel Claims Should Be Rejected Because They Are Without Any Merit.**

Finally, Jefferson alleges his counsel was ineffective for three different reasons: (1) she

was ineffective for failing to research the law before allowing him to plead,  (2) because she said

she was, and (3) for failing to raise the above-listed claims at sentencing and on appeal.  As is

demonstrated below, Jefferson was not denied the effective assistance of counsel as he claims.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both

that his counsel's performance was deficient and that that deficient performance prejudiced his

case.  *Strickland v. Washington,* 466 U.S. 668 (1984); *see also*, *Bell v. Cone,* 122 S. Ct. 1843

(2002) (Supreme Court reaffirming the *Strickland v. Washington* standard for reviewing

ineffective assistance of counsel claims); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th

Cir. 2001) (Eleventh Circuit applying two-part test of *Strickland v. Washington*), *cert. denied,*122

S. Ct. 1185 (2002).  More specifically, Jefferson must show that (1) identified acts or omissions

of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged

errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged

errors or omissions, there is a reasonable probability that the outcome of his trial would have

been different.  *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel performance under the performance prong of *Strickland*, this Court

must presume that the conduct of counsel was reasonable, *Yordan v. Dugger,* 909 F.2d at 477.  A

"[d]efendant must prove deficient performance by a preponderance of competent evidence, and

13

the standard is 'reasonableness under prevailing professional norms.'" *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted).  The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ...  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have take the action that his counsel did take....*

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (some internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high", noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding.  *Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002).  To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.  In the guilty plea context, to satisfy the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Pease*, 240 F.3d 938, 941 (11th Cir.)(*citing Hill v. Lockhart*, 474 U.S. 52, 58-59

14

(1985)), *cert. denied*, 122 S. Ct. 381 (2001).

Finally, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000); *accord, Robinson v. Moore*, 300 F.3d at 1343.

As to each of his claims of ineffective assistance of counsel, Jefferson has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

### 1. Counsel's failure to research the law prior to plea

Jefferson claims that counsel failed to research applicable law prior to the entry of his guilty plea. As best as the government can discern, Jefferson's claim seems to be based on his argument that count three of the indictment should in fact be a misdemeanor and therefore the subsequent Title 18, United States Code, Section 924 charge, would not have been supported.

Counsel for Jefferson maintains that she did research the applicable case law and statutes in this matter. *See* Attachment G, Affidavit of Attorney Connie Cooper, at 2. Additionally, the government would argue that Jefferson's contention relies on a faulty premise: that he was erroneously convicted of count three of the indictment. Counsel's failure to research applicable case law and statutes would not have impacted the legitimacy of the indicted charge nor changed the guilty plea. Jefferson's claim that counsel's failure to research the applicable case law and statutes constituted ineffective assistance of counsel is groundless and should be dismissed.

### 2. Counsel was ineffective because she said she was.

Jefferson claims that his counsel stated that she was ineffective by informing the Court of

15

her limited experience in the federal court system. While the record reflects that counsel did in fact make that statement to the Court, Jefferson still requested that counsel continue in that capacity and represent him on appeal. Additionally, the statement that counsel felt she had limited experience does not establish that counsel thought she was or was, in fact, ineffective in representing Jefferson. Further, counsel submits that she studied the appellate rules and diligently researched the applicable case law. Counsel also states that throughout her representation of Jefferson, she consulted with the Office of the Federal Defender for input and recommendations. *Id.* at 5. This issue should be dismissed as being without any merit.

   **3. Counsel was ineffective for failing to raise the above-stated claims**

   Jefferson contends that counsel was ineffective for failing to raise his listed claims at trial or on appeal. However, as discussed throughout this response, none of his claims have any merit. Counsel cannot be ineffective for failing to raise a claim that would not succeed. *United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000). Counsel's performance met the standards set out in *Strickland v. Washington,* 466 U.S. 668 (1984).

## IV.  MISCELLANEOUS

   All facts not specifically admitted by the Government in this response are denied.

   Furthermore, all arguments made by the Government in this response are made in the alternative and should be considered separately and severally.

   Also, should this Court determine that Jefferson has made any pro se arguments not addressed in this response, the Government would request the opportunity to further respond to those arguments.

   Finally, Jefferson has not pleaded facts or presented sufficient evidence or argument

demonstrating he is entitled to an evidentiary hearing, and his claims for relief should be denied

without an evidentiary hearing.  *See, Blacklidge v. Allison*, 431 U.S. 63, 73-74 (1977); *Tejada v.

Dugger*, 941 U.S. 1551, 1559 (11th Cir. 1991); *United States v. Laetividal-Gonzalez*, 939 F. 2d

1455, 1465 (11th Cir. 1991).

## V.  CONCLUSION

For the above reasons, Defendant/Movant Wendall Jefferson has failed to demonstrate

that he is entitled to any relief from this Court, and his § 2255 motion should be denied without

an evidentiary hearing.

Respectfully submitted this 27th day of February, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
susan.redmond@usdoj.gov

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | | |
| **Respondent,** | ) | | |
| | ) | | |
| **vs.** | ) | **CASE NO.** | **3:06cv60-T** |
| | ) | | **(3:03cr63-T)** |
| **WENDALL JEFFERSON** | ) | | |
| | ) | | |
| **Defendant/Movant.** | ) | | |

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on February 27, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have mailed by United States Postal Service the document to the following non-CM/ECF participant: Wendall Jefferson, #11199-002, Federal Correctional Institution, Post Office Box 26030, Beaumont, TX 77720.

                                  Respectfully submitted,

                                  LEURA G. CANARY
                                  UNITED STATES ATTORNEY

                                  /s/ Susan R. Redmond
                                  SUSAN R. REDMOND
                                  Assistant United States Attorney
                                  Post Office Box 197
                                  Montgomery, Alabama 36101-0197
                                  334.223.7280
                                  334.223.7135 fax
                                  susan.redmond@usdoj.gov