```
             IN THE UNITED STATES DISTRICT COURT
                            FOR
                THE MIDDLE DISTRICT OF ALABAMA


    THE UNITED STATES
       OF AMERICA

           vs.                     CRIMINAL ACTION NO.
                                   03-CR-63
    WENDELL JEFFERSON




                        CHANGE OF PLEA




                       * * * * * * * * *




    BEFORE:        The Hon. Vanzetta Penn McPherson

    HEARD AT:      Montgomery, Alabama

    HEARD ON:      July 2, 2003

    APPEARANCES:   Susan Redmond, Esq.

                   Connie Copper, Esq.
```

Page 2

1  WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE THE HON. VANZETTA PENN McPHERSON ON JULY 2, 2003 AT
2  THE UNITED STATES COURTHOUSE IN MONTGOMERY, ALABAMA:
3
4        THE COURT: United States of America vs.
5  Wendell Jefferson, case 03-63-E.
6        Good morning.
7        MS. COOPER: Good morning, Judge.
8        COURTROOM DEPUTY CLERK: Raise your right
9  hand.
10       (Whereupon, the defendant was duly sworn.)
11       THE COURT: Mr. Jefferson, you have indicated
12 that you wish to change your plea of not guilty to
13 guilty, is that correct?
14 A    Yes, ma'am.
15       THE COURT: State your full name.
16 A    Wendell Keith Jefferson.
17       THE COURT: How old are you?
18 A    Twenty-six.
19       THE COURT: How far did you go in school?
20 A    I have a G E D.
21       THE COURT: Have you been treated recently
22 for any mental illness or addiction to narcotic drugs
23 of any kind?
24 A    No, ma'am.
25       THE COURT: Are you currently under the

Page 3

1  influence of any drugs or medication, regardless of
2  whether it's prescribed?
3  A  No, ma'am.
4        THE COURT: Same for alcoholic beverage?
5  A  No, ma'am.
6        THE COURT: Have you received a copy of the
7  indictment, and have you reviewed it with your lawyer?
8  A  Yes, ma'am.
9        THE COURT: Are you fully satisfied with the
10 counsel, representation and advice given to you in
11 this case by your attorney, Miss Connie Cooper?
12 A  Yes, ma'am.
13       THE COURT: Is your willingness to plead
14 guilty today the result of discussions that you have
15 had with Miss Cooper, and the result of discussions
16 that Miss Cooper has had with Ms. Redmond with your
17 consent?
18 A  Yes, ma'am.
19       THE COURT: Have you had an opportunity to
20 read and discuss the plea agreement with your lawyer
21 before you signed it?
22 A  Yes, ma'am.
23       THE COURT: Does the plea agreement contain
24 all of your understandings?
25 A  Yes, ma'am.

Page 4

1        THE COURT: Do you understand all of its
2  terms?
3  A  Yes, ma'am.
4        THE COURT: Has anyone made any promise or
5  assurance to you to get you to plead guilty?
6  A  No.
7        THE COURT: Has anyone said or done anything
8  that constitutes a threat to you?
9  A  No, ma'am.
10       THE COURT: The indictment in this case
11 charges you with six counts of criminal offenses; you
12 have agreed to plead guilty to six counts. Let's
13 review those six counts so that I can advise you of
14 the maximum penalty.
15       Counts one and two charge you with being a
16 felon in possession of a firearm.
17       Counts three and five charge you with being
18 in possession of drugs with intent to distribute them.
19       And counts four and six charge you with
20 being in possession of a firearm during the commission
21 of a drug trafficking crime.
22       Do you understand all of these charges?
23 A  Yes, ma'am.
24       THE COURT: As to counts one and two, being a
25 felon in possession of drugs, the Court may sentence

Page 5

1  you to not more than ten years, fine you not more than
2  two hundred and fifty thousand dollars, and sentence
3  you to not more than three years of supervised
4  release. Do you understand that?
5  A  Yes, ma'am.
6        THE COURT: As to counts five -- I'm sorry,
7  three and five, possession with intent to distribute,
8  on count three the Court may sentence you to up to
9  twenty years with a one million dollar fine and three
10 years of supervised release. On count five, the Court
11 can sentence you to up to -- I'm sorry. Not less than
12 ten years with a two hundred fifty thousand dollar
13 fine and three years supervised release, do you
14 understand that?
15 A  Yes, ma'am.
16       THE COURT: As to counts four and six, the
17 Court may sentence you to a minimum of five years and
18 not more than a two hundred fifty thousand dollar fine
19 and no probation or supervised release. Do you
20 understand that?
21 A  Yes, ma'am.
22       THE COURT: Do you understand, Mr. Jefferson,
23 that if you are sentenced, do you understand that the
24 sentence for each one of these counts carries a
25 mandatory one hundred dollar assessment fee?

Page 6

1 A  Yes, ma'am.
2       THE COURT: That must be paid at the time of
3 sentencing.
4 A  All right.
5       THE COURT: Do you understand that?
6 A  Yes, ma'am.
7       MS. REDMOND: Your Honor, if I might
8 interrupt for just a moment? Thank you, Your Honor.
9       On count six of the indictment, the
10 924(c)(1)(a), there are two weapons that are used, as
11 alleged by the Government. The Government believes
12 that one of those weapons will constitute a
13 semiautomatic weapon and, therefore, the mandatory
14 minimum, if it's proven, may be not less than ten
15 years to run consecutive to the firearm used in count
16 four.
17       THE COURT: All right. Then let's go over
18 that. Mr. Jefferson, first of all you do understand
19 that if you were sentenced, that the Court has the
20 authority to sentence you consecutively on any of
21 these counts, do you understand that?
22 A  Yes, ma'am.
23       THE COURT: That just because you're pleading
24 guilty to several counts at one time does not mean
25 that the Court is under an obligation to sentence you

Page 7

1 concurrently. Do you understand what I mean by that?
2 A  Yes, ma'am.
3       THE COURT: Now having said that you
4 understand that, let me reiterate what Miss Redmond
5 has said. The Government is prepared to prove in
6 prosecution of count six that you possessed two
7 weapons during the course of a drug trafficking
8 offense, one of which the weapon was a semiautomatic
9 weapon. If the Government proves that, then the
10 sentence becomes not less than ten years, that is the
11 minimum sentence becomes ten years instead of a
12 minimum sentence of five years. Do you understand
13 that?
14 A  Yes, ma'am.
15       THE COURT: And should the Government prove
16 that at trial, then that minimum ten year sentence
17 would be required to run consecutive to your other
18 sentences, do you understand that?
19 A  Yes, ma'am.
20       THE COURT: Do you understand that you are
21 entering a conditional plea pursuant to 11(a)(2) and
22 11(c)(1)(a) of the Rules of Procedure? Let me explain
23 it to you. Do you understand that if the Court does
24 not sentence you as recommended in the agreement, you
25 have the right to withdraw your plea?

Page 8

1 A  Yes, ma'am.
2       THE COURT: Are you sure?
3 A  I'm sure. I understand.
4       THE COURT: Do you understand, however, that
5 even if the Court sentences you according to the plea,
6 but you later breach the agreement or violate the
7 agreement, that you will not have the right to
8 withdraw your plea?
9 A  I understand.
10       THE COURT: The Government has agreed to
11 several factors in this case. First, the Government
12 agrees that upon your entry of a plea, that Jennifer
13 Hawk, your wife, will not be indicted by the
14 Government for conduct arising out of the indictment.
15 Do you understand that?
16 A  Yes, ma'am.
17       THE COURT: Do you understand that
18 notwithstanding the Government's right -- the
19 Government's agreement not to prosecute Ms. Hawk, the
20 Government can provide every bit of information it has
21 about this incident to the probation office and the
22 Court at sentencing?
23 A  Repeat that.
24       THE COURT: The Government has agreed not to
25 charge your wife with criminal conduct.

Page 9

1 A  Right.
2       THE COURT: However, the Government may
3 advise the Court of all of the conduct arising from
4 this indictment. The Government may also advise the
5 probation office of all of the conduct. It merely
6 agrees not to prosecute Miss Hawk, not to charge her.
7 But that doesn't mean that the Government will not
8 advise the Court.
9       For example, if at sentencing the Court
10 wants to ask questions about what actually happened,
11 the Government may advise the Court of Miss Hawk's
12 presence at the scene. Do you understand that?
13 A  I understand.
14       THE COURT: All right. And as I recall,
15 Miss Hawk's ownership of the business, that sort of
16 thing. Do you understand?
17 A  Yes, ma'am.
18       THE COURT: The plea is also conditioned.
19 It's conditioned upon the Court accepting the
20 recommendation, Mr. Jefferson. But it's also
21 conditioned upon your right to appeal the Court's
22 denial of your suppression motion. Have you discussed
23 that with Miss Cooper?
24 A  Yes, I have.
25       THE COURT: That even though you are pleading

### Page 10

1 guilty, you may still appeal the Court's denial of
2 your suppression motion to the Court of Appeals in
3 Atlanta?
4     You look and sound like you're not following
5 what I'm saying, so if you don't understand, you let
6 me know.
7 A  I'm following you.
8     THE COURT: All right. Please, I need you to
9 answer promptly if you do.
10    You further agree to forfeit to the United
11 States any and all property derived from any proceeds
12 as a result of the violation of count -- is this to be
13 just count one? Page three? Or one through six?
14    MS. REDMOND: No, ma'am, I apologize, that
15 should be one through six.
16    THE COURT: Please amend and have the
17 defendant initial, Miss Cooper. Do I have the
18 original?
19    MS. REDMOND: You do not have the original,
20 Your Honor.
21    (Whereupon, the defendant executed said
22 document.)
23    THE COURT: And do you understand that
24 forfeiture provision, Mr. Jefferson?
25 A  Yes, ma'am.

### Page 11

1     THE COURT: Specifically, you agree to
2 forfeit the firearms and ammunition, do you understand
3 that?
4 A  Yes, ma'am.
5     THE COURT: Do you understand that all six
6 of these counts, or charges, constitute felony
7 offenses?
8 A  Yes, ma'am.
9     THE COURT: That if you are convicted of one
10 or more of them, that your conviction may deprive you
11 of valuable civil rights, including the right to vote,
12 the right to hold public office, the right to sit on a
13 jury and the right to possess any firearm.
14 A  Yes, ma'am, I understand.
15    THE COURT: Do you understand that parole has
16 been abolished in the federal system?
17 A  Yes, ma'am.
18    THE COURT: That once you are sentenced to
19 serve a term of imprisonment, you will not be released
20 on parole?
21 A  I understand.
22    THE COURT: Have you and your attorney
23 discussed how the sentencing guidelines affect your
24 case?
25 A  Yes, we have.

### Page 12

1     THE COURT: Do you understand that the Court
2 will not be able to determine the appropriate
3 guideline until the presentence investigation report
4 is submitted at sentencing?
5 A  Yes, ma'am.
6     THE COURT: That you will be expected to
7 cooperate with the probation officer by providing
8 information and answering any questions they have?
9 A  Yes, ma'am.
10    THE COURT: Do you understand, Mr. Jefferson,
11 that you have the continuing right to plead not
12 guilty?
13 A  Yes, ma'am.
14    THE COURT: That if you proceeded to trial
15 you would be presumed innocent, and it would be the
16 burden of the United States to prove your guilt beyond
17 a reasonable doubt?
18 A  Yes, ma'am.
19    THE COURT: Do you understand that at a trial
20 you would have the following constitutional rights.
21 The right to see and hear all of the witnesses against
22 you?
23 A  I do.
24    THE COURT: The right to have your attorney
25 represent you throughout the prosecution?

### Page 13

1 A  I do.
2     THE COURT: The right to testify on your own
3 behalf, should you choose to do so?
4 A  I do.
5     THE COURT: And the right to decline to
6 testify without having that used against you?
7 A  I do.
8     THE COURT: Do you understand that by
9 entering a plea of guilty you are waiving all of those
10 constitutional rights, and if the Court accepts your
11 plea there will be no trial?
12 A  I understand.
13    THE COURT: Having stated to the Court that
14 you understand the charges against you, the maximum
15 penalty that can be imposed upon you if you are found
16 guilty, the terms of your plea agreement and your
17 constitutional rights, please tell the Court how you
18 plead.
19 A  Guilty.
20    MS. REDMOND: Your Honor, I apologize for
21 interrupting the Court at this time, however I think
22 it needs to be put into the record.
23    Your Honor has a copy of the draft agreement
24 discussed between the parties. There are some changes
25 to the agreement. Some are cosmetic. There is one,

Page 14

1 however, that is material.
2    THE COURT: Page?
3    MS. REDMOND: The material change, Your
4 Honor, is at page nine of the draft agreement,
5 paragraph B.
6    Defendant acknowledges that a breach of this
7 federal plea agreement to include committing another
8 federal, state or local offense prior to sentencing on
9 the pending charges, will not entitle him to withdraw
10 his guilty plea in this case.
11    Defendant understands and acknowledges that
12 defendant's guilty plea will remain in full force and
13 effect upon any breach of this agreement by the
14 defendant.
15    Defendant further understands that should he
16 breach this agreement, this agreement will be null and
17 void, and he will be prosecuted for all offenses of
18 which the Government has knowledge.
19    This is the material change, Your Honor.
20 The parties agree that the Government will be the sole
21 authority to decide whether the defendant has breached
22 this agreement.
23    THE COURT: Miss Cooper, does that reflect
24 your understanding of the agreement?
25    MS. COOPER: It does, Your Honor, and I have

Page 15

1 spoken with Mr. Jefferson regarding that challenge.
2    THE COURT: Have you added the appropriate
3 wording to the original?
4    MS. REDMOND: Yes, ma'am. To the agreement
5 that is going to be presented to the Court as the
6 original, that language has in fact been changed.
7    THE COURT: Thank you. And that is the
8 agreement that Mr. Jefferson has signed?
9    MS. REDMOND: He has not, in fact, executed a
10 signature on that draft agreement. We wanted to
11 present it to the Court in its entirety.
12    THE COURT: What are the cosmetic changes,
13 are they clerical?
14    MS. REDMOND: Yes.
15    THE COURT: All right. Well, then you need
16 not state them.
17    Are you aware of all of those clerical
18 changes Miss Cooper?
19    MS. COOPER: I am, Your Honor.
20    THE COURT: And the document --
21 Mr. Jefferson, have you been made aware of all of the
22 changes Miss Redmond has referenced?
23 A Yes, ma'am.
24    THE COURT: Do you understand them?
25 A I do.

Page 16

1    THE COURT: And do you agree?
2 A Yes, ma'am.
3    THE COURT: Since we are at a pause here, I
4 understand that Mr. Jefferson has not executed his
5 consent. He should do so at this time.
6    MS. COOPER: Yes, ma'am.
7    (Whereupon, the defendant executed said
8 document.)
9    THE COURT: On the draft copy of the plea
10 agreement, at the top of page six the Court noted a
11 clerical error. I assumed it was one of those that
12 was corrected, "2003" should have been 2002?
13    MS. REDMOND: Yes, ma'am, and it was
14 consistent through all of the factual bases
15 allegations. And those were corrected in the original
16 now submitted to the Court.
17    THE COURT: Mr. Jefferson, how do you plead
18 to the charge -- charges, rather?
19 A Guilty.
20    THE COURT: Let's start with certain general
21 facts. Before December of 2002, Mr. Jefferson, had
22 you been convicted of a felony offense?
23 A Yes, ma'am.
24    THE COURT: Which felony offense and which
25 court?

Page 17

1 A Russell County Court back in '97.
2    THE COURT: What were you convicted of?
3 A Assault first and manslaughter.
4    THE COURT: All right. As to counts one and
5 two, Mr. Jefferson, did you, on or about 6 December
6 2002, possess a firearm in Russell County, Alabama in
7 the Middle District of Alabama?
8 A Yes, ma'am.
9    THE COURT: Are you having difficulty with my
10 questions?
11 A I mean, I possessed it.
12    THE COURT: All right. Did you knowingly and
13 willfully possess the firearm?
14 A Yes, ma'am.
15    THE COURT: Are they the firearms described
16 in the plea agreement?
17 A Yes, ma'am.
18    THE COURT: Did you, on or about 6 December
19 2003 in Russell County, Alabama within the Middle
20 District of Alabama, knowingly and intentionally
21 possess with intent to distribute a mixture containing
22 cocaine?
23 A Yes, ma'am.
24    THE COURT: And did you know at the time you
25 possessed it that it was unlawful to possess it?

Page 18

1  A  Yes, ma'am.
2      THE COURT: Did you, on or about 6 December
3  2003, knowingly and intentionally possess with intent
4  to distribute fifty grams or more of a mixture or
5  substance containing cocaine base or crack cocaine in
6  Russell County in the Middle District of Alabama?
7  A  Yes, ma'am.
8      THE COURT: And at the time you did so, did
9  you know it was unlawful to possess the controlled
10 substance that I just described?
11 A  Yes, ma'am.
12     THE COURT: As to the counts four and six did
13 you, on or about 6 December 2003, while you were
14 engaged in a drug trafficking crime that I just
15 described, possess knowingly -- I'm sorry -- used,
16 carried and possessed knowingly a firearm as described
17 in the the plea agreement?
18 A  Yes, ma'am.
19     THE COURT: Did this occur in Russell County,
20 Alabama in the Middle District of Alabama?
21 A  Yes, ma'am.
22     MS. REDMOND: Your Honor, I believe the Court
23 said "2003" while reading my typo. It's 2002.
24     THE COURT: Thank you. 2002.
25     Mr. Jefferson, did these events occur in

Page 19

1  2002?
2  A  Yes, ma'am.
3      THE COURT: I think I have covered
4  everything. Ms. Redmond?
5      MS. REDMOND: I believe you have, Your Honor.
6      THE COURT: Miss Cooper?
7      MS. COOPER: I believe so, Your Honor.
8      THE COURT: Now my question is the same -- is
9  the same prior felony used as a basis for counts one
10 and two?
11     MS. REDMOND: Yes, ma'am, for the felon in
12 possession, the assault first degree, Circuit Court of
13 Russell County, case number CC-97529.
14     THE COURT: All right, thank you.
15     I do have a question, Ms. Redmond,
16 Ms. Cooper. I didn't see it in the plea agreement,
17 but I want to make it clear in case it does apply, and
18 in case it doesn't apply. Does a conviction of count
19 four or count six carry with it any automatic
20 enhancement of a sentence? Such as an automatic
21 consecutive sentence?
22     MS. REDMOND: Four and six are necessarily
23 consecutive to each other and to other counts. And
24 that was what we discussed before. That in count four
25 the Government says it will be five years, and as to

Page 20

1  count six, because there is what we believe a
2  semiautomatic weapon used, it will be ten years. And
3  because those are the gun counts, they're consecutive
4  to each other and as to any other count.
5      THE COURT: Mr. Jefferson, that's what I want
6  to make sure you understand. Do you?
7  A  Yes, ma'am.
8      THE COURT: It is the finding of the Court in
9  the case of United States of America vs. Wendall
10 Jefferson that the defendant is fully competent and
11 capable of entering an informed plea, that the
12 defendant is aware of the nature of the charges and
13 the consequences of the plea, and that the plea of
14 guilty is knowing and voluntary, supported by an
15 independent basis in fact, containing each of the
16 essential elements of the offense. The Court will
17 therefore recommend that Mr. Jefferson's plea be
18 accepted and that he be adjudged guilty of the
19 offenses.
20     Sentencing in this case is set for 1 October
21 2003 before Judge Thompson.
22     The defendant is remanded to the custody of
23 the marshal.
24     MS. REDMOND: Your Honor, I believe that's
25 all I have before the Court this morning.

Page 21

1      THE COURT: You may be excused.
2      (Whereupon, the proceedings were concluded.)
3              * * * * * * * * * *
4
5              COURT REPORTER'S CERTIFICATE
6
7      I certify that the foregoing is a correct
8  transcript from the record of proceedings in the
9  above-entitled matter as prepared by me to the best of
10 my ability.
11
12     I further certify that I am not related to
13 any of the parties hereto, nor their counsel, and I
14 have no interest in the outcome of said cause.
15
16         Dated this 26th day of February 2004.
17
18         _____
19         MITCHELL P. REISNER, CM, CRR,
           Official US Dist. Court Reporter
           Registered Professional Reporter
20         Certified  Real-Time  Reporter
21
22
23
24
25