IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06cv60-MHT |
| | ) | |
| WENDALL JEFFERSON | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. # 5) addressing the claims presented by the movant, WENDALL JEFFERSON ["Jefferson"], in his 28 U.S.C. § 2255 motion. In its response, the government maintains that Jefferson's claims provide no basis for relief. Specifically, the government argues that Jefferson's claim that Counts 4 and 6 of the indictment were duplicitous is procedurally barred because the claim was raised on direct appeal and rejected by the appellate court. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). The government further argues that Jefferson's remaining substantive claims are procedurally barred because the claims could have been, but were not, raised on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). The government argues that even if Jefferson's substantive claims are not procedurally barred, they are meritless and therefore entitle him to no relief. The government also argues that Jefferson fails to set forth sufficient facts or argument in support of his claim of "actual innocence." Finally, the government argues that the claims of ineffective assistance of counsel presented by Jefferson rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v.*

*Washington*, 466 U.S. 668 (1984).

Jefferson is advised that a procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the movant fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a movant's federal constitutional claim where the movant is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before 20 March 2006, Jefferson may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after 20 March 2006, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Jefferson is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Jefferson is entitled

2

to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Jefferson attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Jefferson is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 28th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE