RECEIVED
2006 MAR 21 A 9:53

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | )
UNITED STATES OF AMERICA | )
VS. | )   CASE NO.3:06cv60-T
WENDALL JEFFERSON | )
| )
| )

JEFFERSON"S RESPONSE TO THE GOVERMENT CLAIMS
PURSUIANT TO HIS §2255 MOTION.

A.This Court Should **Grant all** of Jefferson"s Claims,Because he has Shown "Actual Innocence",Even If His Claims Are Procedurally Defaelted,and That His Counsel Was Ineffective.

This court should Grant all all of Mr.Jefferson's prior to his claims in his §2255 motion ,that his counsel prejudice him by not raising any of the issues submitted in his §2255,Jefferson now have to over come higher defaults.Jefferson is entitled relief on all of his claims that his counsel did not raise at or prior to the entry of his guilty plea nor on appeal. see,United States VS Frady 456 U.S.152,("where the disrtict court denied the prisoner §2255 motion stating that he should have challenged the jury instructions on direct appeal or in one of his many earlier motions,but was later reversed holding on " plain error" and miscarriagr of justice"").Jefferson is not using his §2255 motion as a substitue for appeal but to challenge his convictions under 924(C),that is "actual innocence" of violating the elements under the subsection of 924(C).see United States VS Jones 153 F3d at 1305,MOntano 398 F3d at 1279,Harris 149 F3d at 1304-09 all Eleventh circuit cases that deal with the same issues as Jefferson.
The goverment contends that the Eleventh Circuit Court Of Appeals affirmed Jefferson count four and six of the indictment for duplicity.Jefferson counsel never raised any duplicitious issues,His

counsel only raised two issues;which were (1)Should MR.Jefferson have been allowed to withdraw his guilty plea? (2)Did the court err in sentencing MR.jefferson to a 25 year consecutive sentence under count six of the indictment pursuant to 18 U.S.C.A. §924(c). see,attachment A-1 at (1) appellant brief to the Court of appeals by counsel.Jefferson did not appeal to the Supreme court because his counsel abandon him.see attachment A-2 Counsel letter to jefferson after his direct appeal was affirmed by the Eleenth Circuit Court Of Appeals.MR.Jefferson counsel did not address the 924(c) issue of what requires to violate the elements of the the crime ,but rather that Jefferson recieved a consecative sentence for being in possession of two firearms on the same day as set forth in the decision in Deal 113 S.CT.Jefferson would like to inform the court that his duplicity argument are based on two diffeént conducts under the subsection of 924(C) for the"during in relation to"element and the "in futherance of"element.The Eleventh Circuit address that committing two 924(C) offenses was not doudle jeopardy_even_though_both_firearms were charged in the same indictment and that his sebsequent offense for count six was correct.see,Attachment (A)-3,Eleventh Circuit Court Of of Appeal decision  pg.19-20.The duplicity issue Jefferson brings to the court attention is that his indictment was duplicitious based on the fact that his indictment charged him under two weapons sudsection of 924(c) that requires two different conduct to convict.see,Jefferson's brief on dupulicity.see,Richardson VS.United States,526 U.S.813,818,119 S.CT.1707"the point of embarkation for a duplicity analysis is the text of the statue at issue.

In this case Jefferson has clearly claims does relate to ineffective of counsel and he has shown cause and prejudice,to over come procedural defaults.

B. Jefferson's Claims are with Merit Even if They are Procedurally Defaulted.

The Goverment assist that jefferson did claim "actual innocence", but fail to set out facts or make an argument as to his actual innocence. In Jefferson brief to the District he clearly put forth facts as to why he was **"actual innocence"**, of violating the elements under section 924(C). see, Jefferson brief on actual innocence "that more is required to convict according to the decison in Bailey at 516 at137.

Jefferson will now provide the courts with more facts as before as to why he should be Granted relief by the Courts. That he is **"actual innocence"** of the **924(c)** convictions.

Jefferson did not violate the elements under section 924(c), for **use and carrying ,during in relation to, and possession in futherance of"  a firearm during a drug trafficking crime.** Jefferson "actual innocence claim is for count four and six of the indictment which requires more than "mere presence" of a firearm near drug proceeds. see, Bailey, 516 at146, 116 S.CT. at 507. The first firearm was found in Jefferson wife place of business along with cocaine residue in the trash can, the second firearm and drugs were found in the residence, in different locations.

Facts

In order to convict under 924(c) there must be a nexus between the firearm and the drug selling operation. see, Timmons at 283 F3d at 1252. "The goverment must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in an area where a criminal

act occurs is not a sufficient basis for imposing this particular mandatory sentence,Rather the goverment must illustrate through specific facts,which tie the defendant to the firearm was possessed to advanced or promote the criminal activity)."Actual Innocence",means factual innocence,not mere legal insufficiency."Murray VS.Carrier 477 U.S. 478,496,106 S.CT 2639.

The use element and what requires to convict under it.
1.The use element under 924(C) requires evidence sufficent to show that the defendant <u>actively employed</u> the firearm during and in relation to the predicate crime.Use also includes branndishing, displaying,batering,strinking with,and firing or attempting to fire,as well as the making of a reference to a firearm in a defendant possesion.
Jefferson did not violate the first element of 924(C),which his indictment stated that Jefferson knowingly used a fire arm see,change of plea pg.18 The record is void of jefferson violating any of the language set out in the use eleement.see.suppressing hearing, the record is void of evidence from pg.11-51. See Bailey 516 U.S. 146 S.Ct.

The Carry element and what requires to convict under it.
2.The carry element under 924(C),"Carry" as well as "use"in 924(c) means more than mere possesion of a firearm during in relation to a drug trafficking crime.see,Muscarello 524 U.S. at128,118 S.CT. at1919.The goverment must show that the firearm was transported by the defendant or waswith his reach during the predicate crime. Jefferson was arrested outside of his wife place of business,see suppressing hearing pg.14,-22.The record is void of Jefferson violating the "Carry" element under 924(C),Jefferson Change of plea States the Carry" element.see, change of plea.pg.18

④

The during in relation to element under 924(c).
3. The inclusion of the "during in relation to requirement of 924(c) was intened to be a limited phrase to "prevent the misuse of the statue[from[ penalizing those whose conduct does not create the risks of harm at which the statueaims.see,Smith,508 U.S at238,113 S.CT at 2058-59The firearearm must have some purpose or effect with respect to the drug trafficking crime,better yet it must take place "during in relation to a crime. Jefferson did not violate the elements describe under this section of 924(C), Jefferson once again shows facts that he did not use or carry a firearm "during in relation to" a drug trafficking crime.The fire arms and drug were found in his wife place of business as was as there residence. The record is void of evidence that Jefferson violated the **elements under this section of 924(c)**.see,surpressing hearing pgs.11-51.see also United States Vs. Timmons 283 F3d at 1250.see,Jones VS.United States 74 F3d at 275(11ct 1996).

The possession in furtheranceof element of 924(c)
4. The element under 924(c),for "possession in furtherance of",requires showing a nexus between the firearm and the drug selling operation.Jefferson again have facts to support that he did not violate the element under this section of 924(c). The goverment would have to show that the firearm located in Jefferson wife place of business and home advanced or promoted Jefferson drug dealing activity.Rather the goverment would have to additional witness testimony to connect Jefferson with the firearm,in order to convict him under the "in furtherance of"test.Officers testimony at Jefferson surpressing hearing clearly proves that Jefferson did not meet the requires of this element.see,surpressing pg.26,47"Where agents testified that they never saw Jefferson at business or the home with in there 3 month investigation, and that they surveillance the business and the home at least **30 times** but did not see **jefferson**.According to the evidence presented in this case and in records that Jefferson did not sell drugs from the place of business or residence

nor handle the firearm at either location.see,surpressing pg.
47,48 where Agent Price **testified** that"he had information
from another agent that an **informant** stated that on many
occasion he purchased drugs from Jefferson serveral times
on **Brickyard Road in PhenixCity,Jeffeson wife business was
located on 3211 MLK jr.Parkway in Phenixcitysuite E.**
Jefferson residence was located on **121 wright Road,in Phenixcity
Alabama.**There is no proof that Jefferson sold drugs or
hanled the firearm fromeither locations.see surpressing
pg.26,29,30,47,..AS for we can see MR.Jefferson would like
for the court to realize that he did not violate the elements
under 924(C) fordrug residue being merely around a firearm
in his wife place of business,and for drugs and firearms
found in there residence more is require to convict under
the elements of 924(C).
 **Jefferson "actual innonce claim should therefore be Granted
because of insufficent evidence to convict him under the elements of
924(c),**and his convictions for count four and six should be
vacated with respect to the courts.see case law what requires
to covict under the possesion in furtherance of element.
see,United States VS.Timmons 283 F3dat1253(11ct 2002),United
States VS.Finley 245at 203(2nd cir 2001),Mackey at265at
462(6th cir 2001),Sparrow 371 at f3d at 853(3rd cir.2004),
Garner 338 F3d at 78,80-81(1st cir.2003)Nance40 FED.appx.59,66
(6th cir 2002).Lawrence,308 F3d623-630(6th cir 2002)Iiland,254
F3d at 1264,1274(10th cir.2001)Morgan,33 Fed.appx.605-606,
Bressi,no.Civ.A.01-407,2001 WL 395289(E.DPA.APR,5,2001).These
case will prove Jefferson Actual Innocence as well as the
facts he shown above.

C. Jefferson Issue two of his §2255 Motion contends That "petitioner did not violate the elements under 18 U.S.C.924(c), for knowingly used, carried, and posseesion of a firearm" during in relation to" and "in furtherance of a drug trafficking crime.

●.The goverment claims that Jefferson issue two of his §2255 Motion is based upon elements of count four and six were not supported by the record.see,goverment response-pg.9-10 Jefferson claims that the elements of count four and six were not supported by "evidence"nor did the"plea allocation"show a connection between the firearms and the drugs in the bussiness and in home. On July,2,2003 Jefferson pleaed guilty to six count indictment,in a change of plea hearing the courts address jefferson "didyou on or about the 6 of december 2003,while engaged in a drugtrafficking crime that i just describe above,possess knowingly-i'm sorry used,carried and possessed knowingly a firearm as describe in the plea agreement.see change of plea pg.17-18.More is required than just pleading to elements under 924(c),more is require to convict under the elements.Jefferson contends that in his actual innocence facts above he has provide what requires the violation of 924(c)crime.Athough Jefferson was not using,carring,or possessing a firearm at the time of his arrest,facts admitted in the plea agreement and in open court do support the inference that jefferson may have used,carried,and possessed a firearm at some time.Based on the records of the courts and caselaw jefferson was and did not receive the true nature of section 924(C) and his conviction for count four and six should be vacated and his claims therefore should be **Granted**,see Bousley 523 U.S.618-19, Brady,397 U.S.742,09 S.CT.(1970),Smith VS.O'Grady 312 U.S.329(1941)," all the same where criminal defendant had to receive real notice of the crime".

Jefferson contendss that he was covicted of count three under 21 U.S.C.§841(A),for possession with to intent to distridute a "trace amount"when the crime itself is a misdemeanor under 21 U.S.C.844(a).

The drug trafficking provisins of section 841 contains two district parts.Subsection (A)entitled"unlawful act,defines the crime.It prohibits trafficking in any amountof an illegaldrug.Subsection(b), entitled "penalties,"sets out the punishment for various drug quanities.It does not itself state a criminal offense.

By comparison section 844(a) does not attempt to divorce the prohibited act of drug possession from the drug quantities possessed. The statue contains no separate penalty section,but rather inter weaves both definitional and penalty provisions through out.Presented with this schema,let's conclude that the statue makes drug quanity an integral part of the crimedefinition.see,Newman 817 F2d at 637-38,Crockett 812 F2d at 629,McMillian VS.Pennsylvania,477 U.S.79,106 S.CT.2411(1986).

Cocaine indeed is a schedule 2 substance but "trace amount" of drugs does not appear to be included in the guidelines manual,see Federal sentencing Guidelines Manuual 2D1.1.There Jefferson contends that if "trace amount"does not come under the guideline base offense level how could "trace amount" be a felony offense to enhance Jefferson 924(c)count four of the indictment.Section 2d2.1 clearly show the fact of no quanity but the sustance itself.Jefferso would have been charged with unlawful possession with base offense level of 6 with catogery three and a range from 2-8 months which is a misdemeanor crime,because the crime itself does not exceed more than one year.see Chapman VS.United States 111 S.CT.1919"which defines the "trace amount"issue. see,section 484,guideline App.(C Jefferson's Claim of being erroneously convicted of 21 U.S.C.841(a) should be **Granted** in light of "trace amount" is not a drugtrafficking crime but a simple possession.If it is the element of the the felony the amount must be found by the jury beyond a reasonable doubt if not,the amount is subject to the determination by the courts under a **preponderance of the evidence standard**.see.united States VS.Sharp 12 F3d 606.("because a first offender cannot be guilty of a simple possession felony unless amount of crack exceeds five grams.)

(8)

## Jefferson Sixth Amendment Claim Should Be Granted Because Of Officers Testimony prejudice Defendant By connecting Him With The Firearms.

Jefferson Sixth Amendment violation came when officers testified at Jefferson suppressing hearing that "his wife bought the firearms because he could not" see, surpressing pg.45 at14-25, and 46 at1-4. Jefferson also contends that his Sixth Amendment rights were violated when the goverment "threaten to indict Jefferson wife if she testifys.see,surpressing pg.68 at12-25 and 69 at1-20.The courts and the Goverment violated Jefferson right to confront the testimonial statement made against him.see,Crawford VS.Washington,541 U.S. 36,2004 "Testimonial statement made by witness who does not appear at trial unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness").The facts is had Jefferson wife testified he would have been able to confront the statement made aganist him,facts is that the officers testimony may have been false .Jefferson wife statement was not agreed upon by the Apellet court,true enough,Jefferson was not saying that the Appellent court relied on the statement made by his wife.But the facts are that the District court used it to connect him with the the firearms and to convict him.Jefferson would like to bring to the court attention at this time that the Magistrate Judge address the firearms in her report and recommondation of his suppressing hearing. Jefferson,at this time does not have the transcript but he recalls the report.Jefferson had the right to contest the statement made by the officers concerning his wife, With Out The Statements theres no connecting the firearms to Jefferson.Therefore Jefferson claim under the Confrontation Clause must be **Granted** in order to give him the right to cross-examine the witness.see,Davis VS.Alaska,415 U.S. 308,315-316(1974)"The primary purpose of this is to secure for the defendant the opportunity of cross-examination. see,also,Kentucky V.Stincer,482 U.S. 730,736,107 S.CT. 2658(1987)"Thus,ther is a strong presumption that any testifying witness should be subject to cross-examination,and that out of-court statements should not be used against a criminal defendant in lieu of in

(9)

court testimony subject to the scrutiny of cross-examination.see also,Pointer V.Texas,380 U.S. 400,405,85 S.CT.1065(1985)there are few subjects,perhaps,upon which this court and other courts have been more nearly unanimous than in their expression of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country **constitutional goal**".
The Confrontation Clause claims generally fall into "two broad,albeit not exclusive,categories:'cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by trial court on the scope of cross-examination'"Stincer,482 U.S.at 737,107 S.CT.2658(quoting Delaware V.Fensterer,474 U.S.15,18.106 S.CT.292,(1985).Jefferson brings both types of claims in this court.

**Jefferson is not using Appellate Court statement ,But The District Court decision in suppressing to connect and convict him of firearms counts**statement made by Jefferson wife to officers.

Jefferson's Sixth Amendment Claim should be Granted,Because with out the statement there is no firearm charge.

<u>All of Jefferson's Ineffective of Counsel Claims should be Granted, Because his counsel performance "Caused him a harsher sentence and prejudiced him to a fair trial which she did not meet the two part test of Stickland V.Washington.</u>

Jefferson now addresses the goverment claim that his counsel was not ineffective.The goverment claimed that Jefferson,must show that (1).identified act or omissions of counsel fell below an object standard of reasonables,and (2),that his counsel alleged erros or omissions resulted in prejudice to him to such an extent that without counsels alledged errors or omissions the out come

would have been different.

In analyzing counsel performance under the performance prong of Strickland.This court muust come to realize that Jefferson Counsel was ineffective.see Powell VS.Alabama 287 U.S. at 68-69,"Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testimont process",see also Cuyler VS.Sullivan,supra at 346,64 led2 33,100 S.CT.1708," representation of a criminal defendant entails certain basic duties counsels function is to assist the defendant and hence counsel owes the client a duty of loyalty,a duty to avoid conflicts of intrest".

Jefferson will provide and plead more facts sufficent to demonstrate that he was prejudice by his counsel actions.Jefferson claim for ineffective assistance of counsel should be **Granted**,Because his counsel did not meet the two prong test of"Strickland".

(1).Jefferson Counsel's Failuer to research applicable case law before plea "caused"Jefferson to receive a harsher sentence,than what he should haved gotten only if his counsel would have search case law that her client did not violate the eleements under 18 U.S.C. §24(c).

According to the goverment Jefferson claim is based on his count three of the indictment should in fact be a misdemeanor and therefore the subsequent title 18 U.S.C. section 924(C) charge,would not have been supported.see Goverment reply to Jefferson §2255 pg.15.

Jefferson contends that his cliams are based on the 924(C) conviction for count four and six of the indictment,That had his counsel

(11)

re

researched caselaw, she would known that her client did not meet the requirements of violating the elements under 924(C). The decision in UNited States VS. Bailey 516 U.S. at149 would have shown Jefferson counsel what requires to violate the first element under 924(C) for the "use" prong, that "there presence" of a firearm is not enough to convict under 924(C) for all of the elements under the subsection of 18 U.S.C.§924(C). There is much caselaw that deals with every element under the section of 924(C), such as United States VS. Leonard 138 F3d 906(11CT), deals with the carry element as there are others that comes out of the eleventh Circuirt. There's United States VS. Smith 508 U.S. at 238 that deals with the "during in relation to" element, there's United States VS. Muscarello, 524 U.S. at128, that deals with the "in furtherance of" element. Above within these cases are many Eleventh Circuit cases. Jefferson counsel was ineffective because she "cause" him to plea to a crime that he is "actual innocence of". Jefferson Counsel states that she researched applicable caselaw, but jefferson would like for the court to understand had Jefferson counsel searched caselaw she would have known that her client did not meet the requirement under the elements of 924(c). see, affidavt of attorney Connie Cooper pg.1.

Jefferson claim for ieffective of Counsel shoulb be Granted Because If His counsel would have researched caselaw His count Four and Six of the indictment would have been dismissed.

Jefferson count three of the indictment charged him with, on or abѹot December 6,2002,in Phenix City Alabama,the defendant herein,did knowingly and intentionally posses with intent to distribute a mixture containing cocaine,a schedule2 Controlled Substance,in violation of Title 21,UNITED STATES Code,section 841 (a)(1).

Jefferson nor his counsel had any knowledge that the goverment was using the "trace amount"of cocaine as the count three crime instead of the 497.81 grams of cocaine found in jefferson wife's car.Jefferson informed the sentencing Judge after he did and opiѹon on Jefferson case.see judges opiѹon pg.4 on 2-3-04.At Jefferson sentecing that's when counsel brings the issue to the courts attention.see.March 17.2004,sentencing pg.18,19.Just like the facts shown above in the elements under 924(c),there is caselaw that defines "trace amount"if counsel would have searched caselaw and investigated evidence that was introduce into court she would have prepared a defense in the best of Jefferson defense before his pleading.see.Glock VS.Singletary 84 F3d 385(11ct)"Cousel's failure to discover and present mitigating evidence at the sentencing proceeding required an evidentiary hearing".There is much caselaw that defines what constitues a felony under 841(a),and what defines "trace amout"ifself.see.Chapman VS.United States 111 S.CT.1919.

Jefferson claims under ineffective of counsel should be Granted Because of his counsel failure toresearch caselaw and to invsetigate mitigating evidence.

(2).Jefferson Counsel was ineffective because she said she was,should be Granted Because counsel had a "Grandiose,perhaps even delusional, "belief in her own abilities.

Jefferson have established through facts that by his counsel claiming "that was not was not **Federal experience**",prejudiced him from effective assitance of counsel through out his entire proceedings.Jefferson feels that his counsel "**lack of devotion to his interest**",was in vain after the denial of his suppressing hearing.On December,1,2005 at 3:00pm,Jefferson had a conversation with Ms.Cooper in which she stated to him"That she was sorry for what happen and that she did not"**no**",what she was doing and if they(the courts)offer you a lawyer please accept".Jefferson would like to inform the courts that he has filed a **F.O.I.A.**,to the Buera of prison,to get a copy of the phone records.If the courts would allow Jefferson some time to receive the record that are of value of proof that his counsel "lost heart" in his cause.Even though Jeffeson requested that his counsel to represent him on direct appeal only because he trusted her to make some improvement,but his appeal was a failure do to ineffective of counsel to research proper caselaw and raising the right issues.Further,Jefferson would for the courts to know that had his counsel fought for his interest at heart he would not have received the sentence he now have. The A.B.A. standard for Criminal Justice 4-1.1 to4-8.6(2d ed 1980)"("The Defense Function") are guides to determining what is reasonable,but they are only guides,see Strickland at 466 U.S.689.Reguardless if Jefferson counsel studied the rules and caselaw and accepted recommendation from the federal defenders Office does not mean she wasn't ineffective.

Jefferson would like to inform the courts that this was his counsel first federal case, it takes more than some weeks to get bogged in the caselaw and work tatics.

Jefferson issue of ineffective of counsel should be Granted, Because his counsel admitting her own ineffectiveness caused and prejudice him from receiving a fair sentence.

(3). Jefferson counsel was ineffective for failing to raise the above-stated claims.

The goverment contends that jefferson claim has no merits because his counsel cannot be ineffective for failing to raise a claim that would not have succeded.

Jefferson contends that had his counsel correctly and carefully researched caselaw she would have raised more issues on his direct appeal or prior to his pre-trial peroceedings. see, Huynh VS. King 95 F3d at 1053(11ct 1996). Jefferson ineffective assistance of counsel claim presents a mixed questions law and fact and is subject to de novo review, see Oliver V. Wainwright, 782 F2d 1521, 479 U.S. 914, 107 S.CT. 313 93 Led 2d 287(11ct 1986)."The reasonableness of counsel's performance is to be evaluated from counsels perspective at the time of the alleged error and in the light of all the circumstances, and the standard of review is lightly deferential"Strick V. Washington id at 688-89, 104 S.ct at 2064-65. The Supreme Court explicity has extend the right to federal habeas review os Sixth Amendant claims to instances in which the alleged ineffective representation necessarily implicates a Fourth Amendment claim. see, Kimmelman V. Morrison, 477 U.S. 365, 382-83, 106 S.CT. 2574-87, 91 L.ed.2d 305(1986).

Jefferson ineffective claims should be Granted, Because his counsel

did not meet the standard set out in Stricklan V.Washington,466 U.S.688(1984).

### Miscellaneous

All the facts specifically admitted by Jefferson are correct. Futher more,all argument made by Jefferson in this response are made in the alternative and should be considered separately and severally.

Also,should this cout determine that the goverment has made any arguments to the response.Jefferson would request the opportuity to futher respond to those arguments.

Finally,Jefferson has pleaed facts,and presented sufficent evidence and arguments that he is entitled to an evidentiary and his claims for relief should be **Granted** with in evidentiary hearing. see Keeney VS.Tamayo-Reyes 504 U.S.1.11-12(1992)

### Conclusion

For,the above reasons,Defendant/Movant Wendall Jefferson has demonstrated that he is entitled relief from this Distric Court, and his §2255 motion for correction of sentence,vacated convictions and setting aside convictions should be **Granted** with or without a  evidentiary hearing.

Respectfully submitted this 15th day of March,2006.

                                        Wendall Jefferson

(16)

**AFFIDAVIT**

**UNTITED STATES OF AMERICA**
    **VS.**
**WENDALL JEFFERSON**

I,Wendall Jefferson has respectfully submitted a copy of the enclosed response to the **Goverment Attonney**.Also i have enclosed a copy of the counsel brief to the appellate court and a copy of a letter that counsel file to defendant.

*/s/ Wendall Jefferson*