**EXHIBIT "A" at 1,2,3**

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment in the United States District Court for the Middle District of Alabama, Eastern Division, the Honorable Myron H. Thompson, United States District Judge for the Middle District of Alabama, presiding. Following Mr. Jefferson's entry of guilty to all 6 counts of the indictment, the Court sentenced Mr. Jefferson on March 19, 2004. (R3-61). Mr. Jefferson was allowed to appeal out of time on April 30, 2004. (R4-67). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I.  Should Mr. Jefferson have been allowed to withdraw his guilty plea?

II. Did the court err in sentencing Mr. Jefferson to a 25 year consecutive sentence under count six of the indictment pursuant to 18 U.S.C.A. § 924 (c) (1) (A)?




# CONNIE COOPER
*Attorney At Law*
*P.O. Box 3110*
*Phenix City, AL 36868*
*(334) 297-9442*
*Fax: (334) 297-6008*

January 11 2005

Wendell Jefferson 11199-002
P.O. Box 26030
USP Beaumont, TX 77720

Dear Wendell,

It is with extreme regret and sadness that I have to inform you that the Court of Appeals has affirmed your convictions and sentences. I have enclosed a copy of the courts opinion.

Please be advised that you have **90** days from the date the opinion was released (December 16, 2004) to file a Petition For Writ Of Certiorari to the Supreme Court of the United States. The only other remedy I am aware of is a 2255 claim which must be filed within one year. Because there exists case law authority from other circuits which reject a finding of second or subsequent convictions under similar circumstances as yours, you should consider the filing of the Petition For Certiorari. You will need to file your Petition For Certiorari as well as an affidavit of indigency with the court and ask for counsel to be appointed to represent you within 90 days of the opinion.

I will cooperate with your new counsel in any way possible but this concludes my representation in this matter as I know you cannot pay me any further for my work. Please let me know if I can assist your new counsel in this matter.

Sincerely,

Connie Cooper

criminal transaction or series of transactions." Id., 508 U.S. at 134 n.2, 113 S.Ct. at 134. It, nevertheless, determined that this discretion merely pertained to the prosecutor's "universally available and unavoidable power to charge or not to charge an offense." Id.

Here, a federal grand jury indicted Jefferson for committing two § 924(c) offenses. Moreover, after the court advised Jefferson that his § 924(c) offense in Count 6 would constitute a second or successive § 924(c) offense, he pled guilty to both offenses. The court, in turn, accepted his plea. Accordingly, the court did not err in concluding that Jefferson's § 924(c) offense in Count 6 was second or subsequent, even though it was charged in the same indictment as his predicate § 924(c) offense.

Furthermore, to the extent Jefferson's argument can be construed as a double-jeopardy challenge to his underlying drug-trafficking offenses, this argument also is without merit. The Double Jeopardy Clause of the Fifth Amendment declares that no person shall "be subject to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It "protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." United States v. Thurston, 362 F.3d 1319, 1322 (11th Cir. 2004) (quotation omitted). Thus, "[a]n indictment is multiplicitous if it charges a single

19

offense in more than one count." United States v. Bonavia, 927 F.2d 565, 568 (11th Cir. 1991).

We normally review de novo, as a pure question of law, a possible violation of the Double Jeopardy Clause. Thurston, 362 F.3d at 1322. As discussed above, however, the government is contending that Jefferson waived his right to raise such a claim by pleading guilty to two separate offenses and by raising this claim for the first time at sentencing. Indeed, with limited exceptions, a plea of guilty and the ensuing conviction generally foreclose a collateral attack on the conviction, other than a claim that the underlying plea was not counseled or voluntary. United States v. Kaiser, 893 F.2d 1300, 1302 (11th Cir. 1990).[5]

Nevertheless, we need not determine whether Jefferson waived this claim because, regardless of this procedural issue, no error occurred. Whether multiple charges constitute one offense turns on whether each charge "requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932). In United States v. Fiallo-Jacome, 784 F.2d 1064 (11th Cir. 1986), we determined that a two-count

---

[5] As discussed by the Supreme Court in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), these exceptions deal primarily with infirm proceedings, wherein the government had no power to prosecute a second charge. See United States v. Broce, 488 U.S. 563, 574-76, 109 S.Ct. 757, 765-66, 102 L.Ed.2d 927 (1989).

20