IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WENDALL JEFFERSON, | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:06-CV-60-MHT |
| | ) | WO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter is before the court on a motion by federal inmate Wendall Jefferson ("Jefferson") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On July 2, 2003, Jefferson entered into a guilty plea agreement in *United States v. Jefferson*, 3:03cr63-MHT.  Specifically, Jefferson pleaded guilty to the following:  two separate counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 2); possession with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 5); and, two separate counts of possession of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 4 and 6).  Jefferson was told by the United States during his guilty plea hearing his conviction under Count 6 would trigger a mandatory, consecutive 10-year sentence because the weapon in Count 6 was a semiautomatic firearm.  (Doc. #5-3, at 6-7).

During a December 4, 2003, sentencing hearing, Jefferson objected to the presentence report finding his guilty plea to Counts 4 and 6 required the imposition of a

mandatory 25-year sentence, rather than the 10-year sentence mentioned during his plea hearing. *See* 18 U.S.C.§ 924(c)(1)(C). The district court recessed the hearing to research and address the sentencing objection, and later ruled Jefferson was subject to the twenty five- year sentence. (Doc. #5-4, at 19). Notwithstanding the mandatory 25-year sentence required by § 924(c)(1)(C), Jefferson reaffirmed his guilty pleas to each count. (Doc. #5-3, at 15, 17-18). Subsequently, Jefferson filed a motion to withdraw his guilty pleas. (*United States v. Jefferson*, 3:03cr63, Doc. #58).

The district court reconvened and applied the criteria in FED. R. CRIM. P. 11(d)(2)(b) to the facts of the case. After finding no basis to permit Jefferson to withdraw his pleas, the court denied the motion to withdraw. (Doc. #5-6, at 14-17). The district court sentenced Jefferson to 438 months' imprisonment, consisting of concurrent terms of 78 months on Counts 1, 2, 3, and 5, 60 months on Count 4, to be served consecutively to all other counts, and 300 months on Count 6, to be served consecutively to all other counts.

On direct appeal, Jefferson raised the following claims:

1. The district court abused its discretion in denying Jefferson's motion to withdraw his plea.
2. The district court erred in sentencing him to a mandatory minimum consecutive 25-year sentence for a second or subsequent conviction under 18 U.S.C. § 924(c)(1), when he simultaneously possessed the firearm forming the predicate offense for the enhancement.

*See United States v. Jefferson,* [No. 04-12174] 126 Fed. Appx. 463 (11th Cir. Dec. 16, 2004) (Table). The Eleventh Circuit affirmed the district court on each issue.

On January 23, 2007, Jefferson filed a timely § 2255 motion (Doc. #1), asserting

the following claims.[1]

    1.    Actual innocence of violating 18 U.S.C. § 924(c).

    2.    Counts 4 and 6 of the superseding indictment are duplicitous.

    3.    Counsel provided ineffective assistance by failing to research the applicable law prior to the entry of his guilty plea.

    4.    The district court erred by accepting the guilty plea under 21 U.S.C. § 841(a) where only trace amounts of cocaine were found.

    5.    Violation of his Sixth Amendment right to confront witnesses.

    6.    Counsel admitted ineffectiveness.

    7.    Counsel provided ineffective assistance by failing to challenge his prosecution and conviction under 21 U.S.C. § 841(a) where only trace amounts of cocaine were found.

On December 8, 2006, Jefferson filed a motion for leave to amend his § 2255 motion, with additional argument and caselaw relevant to his claim of actual innocence as to 18 U.S.C. § 924(c). (Doc. #9). The court construed the filing as a supplement and granted Jefferson's motion. (Doc. #10).

The government countered Jefferson's § 2255 petition by asserting he is not entitled to relief because his claims are either procedurally barred or without merit. (Doc. #5). After due consideration of the §2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and the claims should be denied pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

---

[1] The court has combined Jefferson's first two claims of actual innocence into a single issue. Despite the resulting difference in numbering, each of Jefferson's claims is addressed.

## II.  DISCUSSION

### A.  Substantive Claims Not Raised and Resolved On Direct Appeal

The following claims in Jefferson's § 2255 motion were not, but could have been, presented to the Eleventh Circuit in his direct appeal:

1. Actual innocence of violating 18 U.S.C. § 924(c).

2. Counts 4 and 6 of the superseding indictment are duplicitous.

3. His guilty plea under 21 U.S.C. § 841(a) was improper where only trace amounts of cocaine were found.

4. Violation of his Sixth Amendment right to confront witnesses.

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding.  *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055.  Jefferson cites ineffective assistance of counsel, specifically, counsel's failure to properly research his case, as the cause for his failure to raise the claims prior to this motion. (Doc. #1, at ¶ 13).

Ineffective assistance of counsel may satisfy the cause exception to a procedural bar, but only if the claim of ineffective assistance is meritorious.  *See Greene*, 880 F.2d at 1305.  To determine whether it is, this court must decide whether counsel's failure to assert the underlying substantive claims could have affected the outcome of Jefferson's appeal.  *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).  Counsel is not ineffective for failing to raise meritless claims.  *Id*.  The court concludes, as discussed *infra*, Jefferson's underlying claims lack merit and he fails to demonstrate cause for his

procedural default. The court will discuss these claims in the context of ineffective assistance of counsel.

### C. Ineffective Assistance of Counsel

In addition to the ineffective assistance claims which Jefferson cited as cause for his procedural defaults, he asserts additional, independent claims of ineffective assistance of counsel. The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The

prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."). In this circuit, clearly established precedent holds "if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) (quoting *Duren v. Hopper,* 161 F.3d 655, 660 (11th Cir. 1998)).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker . . . . Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

Jefferson's independent claims of ineffective assistance, as well as the legal claims for which he asserts ineffective assistance as a means of escaping the Eleventh Circuit's procedural bar, are as follows.

    **1.**    **Actual innocence of violating 18 U.S.C. § 924(c).**

Jefferson cites dual grounds for his actual innocence under 18 U.S.C. § 924(c). First, Jefferson alleges a failure by the court and defense counsel to inform him of the elements of the offense. Second, Jefferson alleges he did not possess a firearm "during and in relation to," or "in furtherance of," a drug trafficking offense. The record prevents Jefferson from prevailing on either claim. A conviction under section 924(c) requires the government to prove that, during and in relation to a drug trafficking crime, a defendant "used, carried, or possessed a firearm in furtherance of" that crime. *United States v. Gunn,* 369 F.3d 1229, 1234 (11th Cir. 2004). Possession may be actual or constructive, joint or sole. *Id.* The government must establish that a defendant had ownership, dominion, or control over the firearm. *Id.*

The record shows Jefferson was aware of the elements of section 924(c) as to Count 4 (possession of a semiautomatic pistol in furtherance of trafficking cocaine), and Count 6 (possession of a different semiautomatic pistol in furtherance of trafficking cocaine base). The plea agreement signed by Jefferson lists the elements necessary for conviction under each count. (*United States v. Jefferson*, 3:03cr63-MHT, Doc. #41, at 3). During the guilty plea colloquy, the court asked Jefferson whether he reviewed the indictment and plea agreement with his attorney. (Doc. #5-3, at 3). After Jefferson said yes, the court asked Jefferson whether he understood the plea agreement. *Id.* at 4. Jefferson said he understood the agreement. *Id.* The court then summarized the indictment and specifically told Jefferson Counts 4 and 6 charged him "with being in possession of a firearm during the commission of a drug trafficking crime." *Id.* Later, the court established a factual predicate for the pleas by asking Jefferson whether he knowingly possessed, with intent to distribute, a mixture containing cocaine, and fifty grams or more of a mixture or substance containing cocaine base. *Id.* at 17-18. The court

then completed the elements of Jefferson's guilt under section 924(c) by asking whether, "as to counts 4 and 6" and "while you were engaged in a drug trafficking crime," he used, carried and possessed knowingly" the firearms described in the plea agreement. Jefferson said yes. *Id.* at 18. The exchange between Jefferson and the court shows Jefferson knew the elements of section 924(c), and admitted facts to support his guilty pleas. Thus, Jefferson's claim that he did not know the elements of section 924(c) must fail.

Jefferson's second claim of actual innocence is there was no evidence he sold drugs from the two locations where he stored cocaine and cocaine base, or that he handled the firearms found with the drugs. Neither fact contested by Jefferson is relevant for purposes of section 924(c), as the elements of the offense do not require proof of either. Jefferson's plea agreement sufficiently set forth the elements and factual basis for conviction, and additional information presented during Jefferson's original sentencing hearing support his conviction.

Jefferson's supplemental argument posits that the nexus between the drugs and firearms was insufficient to convict him. A 924(c) conviction is proper where a sufficient nexus exists between the weapon and the underlying drug trafficking crime, such as "proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002), quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000). The case of *United States v. Rios*, 449 F.3d 1009 (9th Cir. 2006), submitted by Jefferson as supplemental authority for his claim, is distinguishable. *Rios* reversed a conviction under section 924(c) where a firearm was found next to documents relevant to the drug scheme, but not with actual drugs. In Jefferson's case, firearms were recovered with, or in close proximity to, drugs which he acknowledged trafficking. The firearm in Count 4 was on a

shelf beside plastic bags, next to a garbage can which contained more plastic bags bearing cocaine residue. (Doc. #5-4, at 25). The firearm in Count 6 was found in his home, along with cocaine base. (Doc. #5-4, at 14). Thus, the facts of Jefferson's case meet the Eleventh Circuit's requirement of sufficient nexus between the firearms and drugs.

**2.    Counts 4 and 6 of the superseding indictment are duplicitous.**

Jefferson claims Counts 4 and 6 are duplicitious because they allege two different offenses under the same statute. "A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997). "Duplicity is not a fatal defect," and an objection to a duplicitous indictment is waived if not raised before trial. *Reno v. United States,* 317 F.2d 499, 502 (5th Cir.1963); Fed.R.Crim.P. 12(b)(3)(B). Even if counsel had raised duplicity as a bar to prosecution, the argument would fail. Counts 4 and 6 of the superseding indictment against Jefferson charge he "possessed a firearm, . . ., during and in relation to, and in furtherance of, a drug trafficking crime . . . ." (Doc. #25, 03cr63). Jefferson claims two distinct charges of conduct produced the alleged duplicity - (1) "during and in relation to," and, (2) "in furtherance of." In truth, the conduct which gave rise to these counts was Jefferson's possession of firearms while engaged in two separate drug trafficking crimes, and the storage of the firearms with the very drugs he intended to distribute.

The phrase "during and in relation to" did not refer to criminal conduct charged against Jefferson, but "was intended [by Congress] to be a limiting phrase to 'prevent the misuse of the statute [from] penaliz[ing] those whose conduct does not create the risks of harm at which the statute aims.'" *Timmons, id.* at 1251, quoting *Muscarello v. United States*, 524 U.S. 125, 139, 118 S.Ct. 1911, 1919(1998). Another observation from the high court showed that the language "at a minimum, clarifies that the firearm must have

some purpose or effect with respect to the drug trafficking crime; its presence cannot be the result of accident or coincidence." *Timmons, id.,* quoting *Smith v. United* States, 508 U.S. 223, 238, 113 S.Ct. 2050, 20-58-59 (1993).

Likewise, criminal conduct is not charged through the phrase "in furtherance of," as used in the superseding indictment. The words convey their plain meaning, *i.e.*, "a helping forward." *Timmons*, *id.* at 1252, quoting *Muscarello*, 524 U.S. at 128, 118 S.Ct. at 1914. Again, rather than describing prohibited conduct, the phrase refers to the status of the firearm itself as one that must further, promote, or advance the drug trafficking. *Timmons, id*. Simply put, the second phrase which, Jefferson contends, creates duplicity in the indictment ensures "the presence of a gun within the defendant's dominion and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction." *Timmons, id*. at 1253.

> 3. **Counsel was ineffective by failing to research the applicable law prior to the entry of his guilty plea.**

Jefferson claims prejudice from counsel's alleged failure to research the law before he pleaded guilty to the charges against him, thus denying him the opportunity to plead to a lesser included offense with a lenient sentence. Jefferson does not submit any particular, identifiable issue where counsel's research would have produced this outcome. "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991). Likewise, Jefferson has not shown ineffective assistance of counsel, beyond a vague assertion regarding counsel's representation. Counsel did not provide ineffective representation to Jefferson.

> 4. **This court erred by accepting a guilty plea under 21 U.S.C. § 841(a)**

**where only a trace amount of cocaine residue was found.**

Jefferson claims he was wrongfully convicted of violating 21 U.S.C. § 841(a)(1) because the cocaine distribution charge in Count 3 related to trace amounts of cocaine. He further claims the defective trafficking charge became the predicate offense under § 924(c).

The United States prosecuted Jefferson in Count 3 after finding cocaine residue in plastic bags at the business operated by Jefferson's wife, Jennifer Hawk ("Hawk"). (Doc. #5-4, at 13, 25). Jefferson admitted his possession of, and intent to distribute cocaine from the business premises during his plea colloquy. (Doc. #5-3, at 17-18). Jefferson's belief that the facts of his case do not support prosecution under section 841 for possession with intent to distribute cocaine is wrong, Section 841 does not require a minimum amount of a controlled substance for prosecution. "A conviction under § 841 requires the government to prove that the defendant possessed a controlled substance knowingly and willfully and that he did so with the intent to distribute it." *United States v. Baker*, 432 F.3d 1189, 1233 (11th Cir. 2005), citing *United States v. Anderson,* 289 F.3d 1321, 1325 (11th Cir.2002). As discussed above, the transcripts from proceedings in this case establish Jefferson's guilt as to Count 3, and the claim must fail.

5.     **Violation of the Sixth Amendment right to confront witnesses.**

Jefferson claims a violation of his Sixth Amendment right to confront a witness. Jefferson seeks to establish his claim through reference to testimony by a deputy sheriff from Harris County (Georgia) that Hawk spoke of purchasing firearms for Jefferson because he was a convicted felon and could not do so himself. (Doc. #5-2, at 45-46.)[2]

---

[2]Jefferson claims the deputy testified of Hawk's statement that she purchased a firearm for Jefferson's "drug dealing purposes." The transcript of the suppression hearing

Jefferson claims he was unable to successfully rebut the testimony because Hawk was not permitted to testify. Jefferson appears to believe Hawk was threatened with prosecution if she testified at the suppression hearing, and that this violates the Confrontation Clause.

The Sixth Amendment "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted," *Crawford v. Washington,* 541 U.S. 36, 59, n. 9, 124 S.Ct. 1354, 1369 n. 9 (2004). Hawk's alleged statement, as relayed in the deputy sheriff's testimony, was not admitted to prove the truth of any assertion, *i.e.*, whether suppression was warranted, and thus there was no Sixth Amendment violation in this case. On the contrary, the court cited Hawk's own rights under the Fifth and Sixth Amendments, because she was without counsel for any potential federal proceedings, and her testimony would have related to events for which she could later be indicted. (Doc. #5-2, at 68-69). Accordingly, this constitutional claim must be dismissed.

      **6.**      **Counsel admitted her own ineffectiveness.**

Jefferson claims counsel admitted her own ineffectiveness when she attempted to withdraw as his counsel for appeal purposes. Counsel's affidavit acknowledges her limited experience in the federal system. (Doc. 5-8, at ¶ 5). Her affidavit also recounts counsel's best efforts to challenge Jefferson's conviction and sentence on appeal through research and consultation with the Federal Public Defender for the Middle District of Alabama. Jefferson's motion does not identify any specific prejudicial instance of counsel's action or inaction. Absent some prejudicial act by counsel, Jefferson cannot demonstrate ineffective assistance of counsel. *Wilson, id.* at 997.

      **7.**      **Counsel was not ineffective by failing to challenge the prosecution and conviction under 21 U.S.C. § 841(a) where only a trace amount of**

---

shows that no such testimony was given.

**cocaine residue was found.**

Jefferson argues counsel was ineffective by failing to challenge his prosecution in Count 3 for cocaine residue at sentencing, or on appeal. The record shows counsel questioned whether, given the amount of cocaine, prosecution was appropriate under 21 U.S.C. § 841(a). The district court noted the firm basis for Jefferson's convictions from his guilty plea colloquy. (Doc. #5-6, at 17-19). Thus, counsel raised the matter but could not prevail where the evidence supported Jefferson's prosecution and conviction.

Jefferson argues counsel ws ineffective by failing to raise the same issue on appeal. Appellate counsel must carefully evaluate possible issues for appeal and winnow out those issues with little likelihood of success. *Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001). As discussed above, the charges made against Jefferson in Count 3 of the superseding indictment were appropriate and his conviction was supported by the evidence and his admission of guilt. Counsel could not be ineffective for failing to raise on appeal the meritless issue of whether Jefferson was improperly convicted for possession of and intent to distribute cocaine under section 841(a). *Nyhuis*, *id.* Thus, counsel was not ineffective as to this issue in either the district court or appellate phase of Jefferson's defense.

### III. CONCLUSION

The foregoing analysis of Jefferson's claims requires the court to conclude that he has not demonstrated ineffective assistance of counsel as to any of his claims. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Jefferson be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

**before May 28, 2007**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 14th day of May, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE