IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

(Northern Division)

2007 JUL 30  A 9:51

Wendall JEFFERSON,

    Petitioner,

Vs.

UNITED STATES OF America,

    Respondents.

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Cause No. <u>3:06-CV-00060-MHT</u>

In Re: <u>2:06-CV-60-TFM</u>

Criminal No. <u>3:03-CR-63-T</u>

§
§
§
§
§
§
§
§
§

---

## PETITIONER'S OBJECTION(S) TO THE MAGISTRATE
## JUDGE'S GRATUITOUS RECOMMENDATION(S)

    **NOW COMES Wendall JEFFERSON**, hereinafter 'Petitioner' acting <u>pro persona</u>, under the provisions of 28 USC § 2255 in compliance with this Court's order of July 10, 2007, hereinby objects to the the gratuitous recommendation(s) of the magistrate judge. <u>Infra</u>.

    As an initial matter, the magistrate judge gave such recommendation without any <u>legal</u> consideration. <u>See</u> Doc. 14.

    Therefore, petitioner objects to the recommendations of the magistrate judge as follows.

    Initially, on January 23, 2006, petitioner filed a timely 28 USC § 2255 that contained three (3) separate, individual and distinct claims alleging that Ms. Connie COOPER's performance was insufficient, those allegations were based upon facts that neither this Court's records or the government's files contain, cf. <u>Machi-broda v. United States</u>, 368 US 487, 494-95 (1962). Hence, the 28 USC § 2255 was accompanied by a detailed and specific affidavit,

-2-

cf. Barry v. United States, 528 F 2d at 1101, and other "extrinsic evidence" that is not part of either this Court's record and files nor of the government's. Accordingly, the record must be developed.

Moreover, the affidavits (i.e., petitioner's and Ms. Cooper's) and the recorded phone call(s) from the petitioner to counsel Ms. Cooper, and coupled with the contents thereof, is precisely the type of evidence which does not appear in a trial record, thus, an evidentiary hearing should be ordered——as a matter of law. See Roberts v. United States, 486 F 2d 298, 301 (5 Cir 1973)(defendant's motion and affidavits in support thereof raised issues of fact requiring evidentiary hearing); see generally Machibroda, supra, 368 US at 494-95.

On February 27th, 2006, the government in its response untenably contended that the ineffective-assistance-of-counsel claims should be defaulted procedurally because they possess no merit. See Doc. 5-1, page 12. The government contends that:

> if the ineffective claims are not **procedurally barred** they are without merit.

Id., Doc. 5-1, supra at E. This is absurd.

Such a stance places the government in an untenable postition because petitioner's claims of ineffective-assistance-of-counsel are not premised upon record evidence, rather his claims of Ms. Cooper's deficiencies are based upon affidavits, witness testimony, as well as a recorded phone conversation for which, all, are to be considered extrinsic evidence contained in neither the Court's records and

-3-

files or those of the government's. <u>Walker v. Johnston</u>, 312 US
275, 287 (1941).

Title 28, Section 2255 commands that when ineffectiveness
claims are premised upon evidence that the files and records does
not show, Courts are obliged to hold evidentiary hearings, see
<u>Machibroda</u>, 368 US at 495, so that a factual record bearing pre-
cisely on Ms. COOPER's alleged ineffectiveness can be created. See
<u>United States v. Griffin</u>, 699 F 2d 1102, 1109 **[8]** (11 Cir 1983).

The <u>Griffin</u> Court stated that:

> In a § 2255 proceeding, the defendant "has a full op-
> portunity to prove facts establishing ineffectiveness
> of counsel, the government has a full opportunity to
> present evidence to the contrary, the district court
> hears spoken words we can see only in print and see
> expressions we will never see, **and a factual record
> bearing precisely on the issue is created.**

<u>Griffin</u>, supra, 699 F 2d at 1109; see generally <u>Massaro v. United
States</u>, 538 US 500, 505-06 (2003); <u>United States v. Andrews</u>, 953
F 2d 1312, 1327 (11 Cir 1992); <u>United States v. Rodriguez</u>, 582 F
2d 1015, 1016 (5 Cir 1978). See also <u>Bonner v. City of Prichard</u>,
661 F 2d 1206 (11 Cir 1981)(en banc).

On May 14th, 2007, premised upon a **procedural-default** based
recommendation, the magistrate judge recommends that petitioner's
§ 2255 should be denied———without developing the record regarding
the ineffectiveness claims———by erroneously concluding that the
§ 2255's ineffective-assistance-of-counsel allegations cannot es-
cape the Eleventh Circuit's procedural bar. See Doc. 14, page 6.

-4-

The magistrate erroneously recommends that:

> Jefferson's independent claims of ineffective assistance, as well as the legal claims which he asserts ineffective assistance as a means of escaping the Eleventh Circuit's **procedural bar.**

Id., Doc. 14, supra at 6. This is an abuse of discretion. See Koon v. United States, 518 US 81, 100, 135 L Ed 2d 392, 414 **[7]**, 116 S Ct 2035, 2047 (1996)(a district court by definition abuses its discretion when it makes an error of law.).

In that regard, the magistrate made a clear error of law when he never elucidates where, when, or how petitioner's ineffective-assistance-of-counsel claims and the due process issues regarding Ms. COOPER's ineffectiveness have been procedurally barred——as a matter of law?

Accordingly, petitioner specifically objects to the magistrate judge's recommendation that petitioner must first satisfy the two-prong test under Strickland v. Washington, 466 US 668, 687-88 (1984), before being allowed any opportunity to develop the record or establish the inadequacy of Ms. COOPER's so-called representation by competent evidence. See Doc. 14, page 6 (unless a movant satifies the showings required on both prongs of the Strickland inquiry, relief should be denied); but see Machibroda, 368 US at 495-96. Hence, the magistrate should know, as a matter of law, that no court can ascertain whether an attorneys alleged performance was deficient, until, a factual record bearing precisely on the issue of such ineffectiveness is created. Griffin, 699 F 2d at 1109.

-5-

In this particular situation, petitioner's specific objection to the magistrate judge's abuse of discretion is based upon a well-develop body of law. Where reasonable jurists have already held that there first must be a record developed, see Griffin, 699 F 2d at 1109, as to what Ms. COOPER did, why it was or was not done, and what if any prejudice resulted, before any court can determine whether Ms. COOPER performed deficiently when claims of her insufficiencies are not based on record evidence. Machibroda, 368 US at 495-96. Rather than, requiring the petitioner to first prove Ms. COOPER ineffectiveness——as the magistrate erroneously recommends——without a developed record which would bear precisely on her ineffectiveness. Such recommendation frustrates Congress' intentions under § 2255. See Massaro, 538 US at 505. The Supreme Court held that:

> **The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them.** And evidence of alleged conflicts of interests might be found only in attorney-client correspondence or other documents that, in the typical criminal trial, **are not introduced.** See, e.g., Billy-Eko, supra, at 114. Without additional **factual development,** moreover, an appellate court may not be able to ascertain whether the alleged error was prejudicial.
> [1e] Under the rule we adopt today, ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing **the facts necessary to determining the adequacy of representation during an entire trial.** The court may take testimony from witness for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance.

Massaro, supra, 538 US at 505; Powers v. United States, 446 F 2d 22 (5 Cir 1971); Ballinger v. United States, 379 F 3d at 430 [5].

-6-

## DISCUSSION

I. <u>Counsel's failure to research case law and investigate evidence
before advising petitioner to plead guilty</u>.


In the case at hand, there is no dispute that Ms. COOPER in
no uncertain terms admitted that she was not abreast of the rele-
vant law in relation to the facts of this case. See <u>Connie COOPER</u>,
Affidavit, page 3, attached <u>Exhibit-1</u> (I did inform the Court that
I had limited experience in the federal system.); <u>see also</u> Doc. 14,
page 3, para. 3 (Counsel provided ineffective assistance by failing
to research the applicable law prior to the entry of his guilty
plea); <u>and</u> Doc. 5-1, page 15, at 1 (Counsel's failure to research
the applicable case law and statutes would not have impacted the
legitimacy of the indicted charge nor change the guilty plea). But
See <u>Hill v. Lockhart</u>, 474 US 52, 62, 88 L Ed 2d 203 (1985)[1]. In <u>Hill</u>
the Supreme Court held that:

> **The failure of an attorney to inform his client of the
> relevant law clearly satisfies the first prong of the**
> <u>Strickland</u> analysis...as such omission cannot be said
> to fall within 'the wide range of professionally com-
> petent assistance' demanded by the Sixth Amendment,
> quoting <u>Strickland</u>, 466 U.S. at 690, 104 S. Ct. 2052
> (1984).

<u>Hill</u>, supra, 474 US at 62. In this context, the prejudice prong
of <u>Strickland's</u> analysis requires petitioner to "show that there

---

1  In the guilty plea context <u>Hill</u> governs, petitioner pled guilty, thus,
petitioner need only show he would have not pled, but would have proceeded
to trial in order to satisfy the prejudice prong. <u>Hill</u>, supra, 474 US at 59.
Therefore, the attached affidavit satisfies the nexus of establishing the
prejudice prong. <u>See</u> Affidavit, attachement-<u>A</u>.

-7-

is a reasonable probability that, but for Ms. COOPER's errors, he would have proceeded to trial, see Affidavit, attachment-A, rather than plead guilty. Hill, supra, 474 US at 59.

From a legal standpoint, as a matter of law, the affidavit(s) and the materiality of the recorded phone conversation's contents are "outside" of the Court's record and AUSA REDMOND's files.

Thus, an evidentiary hearing should ensue, as a matter of law, see Machibroda, 368 US at 494-95, moreover, the allegations in the § 2255 are material facts aimed at Ms. COOPER's deficient perfor-mance——disputed by the government——once proven, in an evidence hearing would warrant relief under the provisions proscribe 2255.

Thus, the contents and materiality of the recorded phone con-versation between petitioner and Ms. COOPERS——is not part of any court record or files——reveals the fact that Ms. COOPER in no un-certain terms told petitioner that: **She was very sorry for not being able to represent him effectively, because she had to learn the relevant federal from a "public defender" during the case, and that if called to testify in an evidentiary hearing, she would clearly attest to her being unfamiliar with the federal systems criminal procedures and jurisprudence thereunder, which prohibited her from subjecting AUSA Redmond's theories to an adversarial testing.** See United States v. Cronic, 466 US 648, 80 L Ed 2d 657 (1984); also see Kimmelman v. Morrison, 477 US 365, 374, 91 L Ed 2d 305, 318-19, 106 S Ct 2574, 2582 (1986). See For Similar Views: United States v. Granados, 168 F 3d 343 (8 Cir 1999)(Counsel was ineffective for

-8-

being unfamiliar with the United States Sentencing Guidelines.).

Hence, being unfamiliar with the federal criminal rules of procedure as well as being unfamiliar with the relevant law in relation to the facts of the case at hand, prohibited Ms. COOPER from launching an effective, adequate and meaningful adversarial test against AUSA Redmond's theories. Strickland, 466 US at 688.

In this regard, the adversary system is, in many ways, a gamble which presumes able and zealous lawyers for each side.

Moreover, the constitution hedges this gamble through the Sixth Amendment right to counsel, which "assures the fairness, and thus the legitimacy of the advesary process." Kimmelmann, 477 US at 374; Strickland, 466 US at 688-90.

Therefore, Ms. COOPER should have been "ready and able to submit AUSA Redmond's case to the 'crucible of meaningful adver- sarial testing,' thus, as the record now stands, there is no guar- antee that the adversarial system in the case at bar functioned properly or produced a just and reliable result(s)." Cronic, 466 US at 655-57; also see Connie COOPER's Affidavit, page 3 attached Ex-1(I did inform the Court that I had limited experience in the federal system). Because the record does not reflect why Connie COOPER failed to object the duplicitous offenses contained in Counts IV and VI nor does the record show why Ms. COOPER raised a multiplicitous argument on direct appeal, rather than duplicity as petitioner told her to? Griffin, 699 F 2d at 1109.

As a matter of law, Ms. COOPER had a duty to investigate all reasonable lines of defense  in order to make the adversarial pro- cess function Strickland, 466 US at 691. Here, that was not done.

-9-

This rationale is insurance that Ms. COOPER provided her un-
divided loyalty to the petitioner. See Von Moltke v. Gillies, 332
US 708, 725 (1948). The Von Moltke  Court held that:

> The right to counsel guaranteed by the constitution
> contemplates the services of an attorney devoted
> solely to the interests of his/her client.

Von Moltke, supra 332 US at 725.

In that regard, it is more than obvious that Ms. COOPER **did
not** devote her loyalties to petitioner's best interests, had she
not harbored divided loyalties, Ms. COOPER would have made herself
abreast of the fact that Counts IV and VI are both duplicitous.

Moreover, relevant law existed whereas Ms. COOPER could have
challenged duplicitous charge(s) in a single count of an indictment
as enunciated in Combs, 369 F 3d at 930-35, and as exists in the
case at hand. See Strickland, 466 US at 690; see generally Hill,
474 US at 62.

Prejudice is also presumed from any "breakdown" in the adver-
sarial testing process——as is evident in the case at bar. Cronic,
supra, Petitioner's Affidavit, attachment-1.

The petitioner brings that instant request for an evidentiary
hearing as a separate and distinct ground for relief to ensure he
receives all the procedural safeguards that he is entitled to which
will enable this Court to give an equitable adjudication on the
merits of his claims.

Therefore, the ineffective-assistance-of-counsel claims and
the DUE PROCESS claims for example: (1) Counts four and six are

-10-

duplicitous? and (2) Actual innocence which are based primarily
upon Ms. COOPER's ineffectiveness must be advance in this motion
and this Court should thereafter order a hearing to allow develop-
ment of a record in which would bear precisely on Ms. COOPER's
alleged ineffectivness in light of Griffin, 699 F 2d at 1109,
since such insufficiency claims can only be proven by "extrinsic
evidence," and if petitioner's allegation turn out to be true,
he will be clearly entitled to relief. Thus, the function of 28
USC § 2255 can only be satisfied by affording petitioner an op-
portunity to prove his allegations in a hearing which § 2255's
provisions require. Machibroda, supra, 368 US at 496. Accordingly,
a hearing should be granted——as a matter of law. See 28 USC § 2255.

## II. Jefferson alleges a failure by the Court and defense counsel to inform him of the "elements" of the offense.

This argument should have been construed as a Rule 11 of
the Federal Rules of Criminal Procedure violation with respect to
the validity of petitioner's plea of guilt, to wit: **the knowledge,
intelligence, and voluntariness** during the Rule 11 plea colloquy.
See Rule 11(b)(2) Federal Rules of Criminal Procedure.

In this regard, the magistrate judge failed to inform peti-
tioner of the critical elements of the two (2) separate offenses
charged in each single count of the indictment, i.e., Count IV and

---

[2] The magistrate recommends in error that the "duplicity" issue was litigated on direct appeal and should be barred procedurally. See Doc. 14. However, this error of law is belied by the record, to wit: the Eleventh Circuit Court of Appeals Slip Op. pages 19-20, attached Exhibit-2. Hence, the Eleventh Circuit clearly ruled on the meritless "multiplicity" issue raised by Ms. COOPER, rather than the **duplituos** issue petitioner pursues as a result of her errors.

-11-

VI as enunciated in <u>United States v. Brown</u>, 117 F 3d 471, 475-76
(11 Cir 1997). See <u>Boykin v. Alabama</u>, 397 US 742, 25 L Ed 2d 747
(1970).

Therefore, the relevant question of law that is presented
to this court is: **does both Counts four and six charge petitioner
with violated two separate offenses?** Cf. <u>Combs</u>, 369 F 3d at 930-31.

It follows that this question of law is premised upon the
fact that Count IV charges petitioner with violating 18 USC §
924(c), to wit: **possession** of a firearm **in furtherance of** a drug
trafficking crime <u>and</u> **using or carrying** a firearm **during and in
relation** to a drug trafficking crime...Count VI charges the peti-
tioner with violating 18 USC § 924(c), to wit: **possession** of a
different firearm **in furtherance of** a drug trafficking crime <u>and</u>
**using or carrying** that firearm **during and in relation** to a drug
trafficking crime. <u>Id</u>. <u>Hence, 2-separate offenses in single counts?</u>

As a matter of law, it is clearly obvious that the magistrate
judge's failure to advise petitioner of the <u>elements</u> of "use" as
enunciated in <u>Bailey v. United States</u>, 516 US 137, 133 L Ed 2d 472
(1995), and failure to advise petitioner of the <u>elements</u> of "pos-
session" in the ordinary sense, renders his plea involuntary.

The involuntary nature of the plea is based upon the fact
that petitioner was not advised of the true nature of the charge(s)
nor did he receive "real notice" of the true nature of the charges
against him whcih is the first and most universally recognized re-
quirement of due process. <u>Henderson v. Morgan</u>, 426 US 637, 645,
96 S Ct 2253, 2257-58 (1976).

---

[3]See Timmons,283F.3d 1250-53(11th cir 2002)(also treating the statue as seeting forth
two separte offense;cited in Combs .

-12-

Under this approach, petitioner did not receive "real notice" of the nature of the charges against him because he was never informed of the "elements" of the charged offenses. See Change of Plea Transcripts, pages 17-18. The government clearly corroborates petitioner stance that the magistrate never advised him of the elements of the charged offenses in Counts IV and VI by relying on the plea colloquy as an exhibit. In this colloquy it is clear that the magistrate [merely] **recited** and made reference to the language contained in the charged offenses. Id. Such recitation of the indictment does not satisfy the Boykin requirement of informing petitioner of the elements of the offenses. See Rule 11(b) (1)(G); Gaddy v. Linahan, 780 F 2d 935, 943 (11 Cir 1986).

In addition, the petitioner should have understood how his conduct satisfied the elements charged in Count IV, to wit: **use** and **possession**, and how it satisfied the elements charged in Count VI, to wit: **possession** and **use** of a firearm **during and in relation** to a drug trafficking crime, all, **in furtherance of** a drug trafficking crime. Gaddy, 780 f 2d at 943-44.

The Eleventh Circuit in Stano v. Dugger, 921 F 2d 1125, 1142 (11 Cir 1991)(en banc) recognized that before entering a plea of guilt that the magistrate judge to which petitioner assented was obliged to inform him of the elements of the offenses for which he now stands convicted. Id., at 1142  And the record as it now stand does not reveal that the magistrate informed petitioner of what elements constituted the specific conduct alleged in the two separate offenses charged in both Counts IV and VI. See Change of Plea Transcripts, pages 17-18.

-13-

In this regard, this Court is obliged to hold an evidentiary hearing in order to ascertain where, when, and how the magistrate judge advised or informed petitioner of the conduct he would have to ensue in order to violate the crimes as charged in Counts IV and VI. This was failure to advise petitioner of the <u>elements</u> of the duplicitious charges in Counts IV and VI because this Court cannot turly ascertain whether or not petitioner was being charge with **"possession"** of a firearm **in furtherance of <u>or</u> using or carrying** a firearm **during and in relation** to a drug trafficking crime.

Simply put, this Court is obliged to order an evidence hearing due to the magistrates failure to advise and inform petitioner of the <u>elements</u>  as explained above, moreover, such failure requires automatic reversal." <u>United States v. Bell</u>, 776 F 2d 965, 968 (11 Cir 1985); also see <u>United States v. Dupage</u>, 120 F 3d 233, 236 (11 Cir 1997).

The petitioner brings the instant request for an evidentiary hearing as a separate distinct ground for relief to insure he receives all the procedural safeguards that he is entitled to, which will enable this Court to give an equitable adjudication on the merits of his claims by and through an evidentiary hearing.

Accordingly, as elucidated herein above this Honorable Court is respectfully urged to order and evidentiary hearing so that petitioner can develop the record as § 2255 proscribes since he can <u>only</u> prove Ms. COOPER's ineffectiveness by "extrinsic evidence" contained in neither the Court's record and files or the records and files of the government's that would bear precisely on her alleged ineffectiveness which can <u>only</u> be proved after the record is developed. <u>Massaro</u>, 538 US at 505; <u>Griffin</u>, 699 F 2d at 1109.

-14-

It follows that petitioner adopts and incoporates his claims previously raised in his § 2255, and response to the government's response to his § 2255 in conformity with the instant objections.

## RELIEF REQUESTED

**WHEREFORE,** petitioner respectfully urges this Honorable Court to adjudicate his pleading and the instant in light of Haines v. Kerner, 404 US 519, 521, 30 L Ed 2d at 654 (1972), which directs courts to allow prisoner's the opportunity to prove the set[s] of facts alleged in support of thier claims for relief which would en- title them to relief, in the event the claims turn out to be true. Conley v. Gibson, 355 US 41, 45-46, 2 L Ed 2d 80, 84 (1957); also see Dioguardi v. Durning, 139 F 2d 774 (2 Cir 1944).

And thereafter grant the instant motion and order an evi- dentiary hearing for the above reasons, in light of Blackledge v. Allison, 431 US 63, 82-83, 52 L Ed 2d 136, 152 (1977).

In Blackledge, the Supreme Court held that when allegations are premised upon facts that the record can cast no real light, that the petitioner is entitled to careful consideration and a plenary processing of his claims including a full and fair op- portunity to present, the necessary facts relevant to his al- legations. Id., at 431 US 82-83.

## CERTIFICATE OF SERVICE

This certifies that on this **20th** day of **July 2007**, that I

have placed a true and exact copy of the

PETITIONER'S OBJECTION(S) TO THE MAGISTRATE JUDGE'S

GRATUITOUS RECOMMENDATION(S)

in the US Mails with first-class postage prepaid in full by

placing such document in the hands of prison officials here at

USP-Atlanta for mailing to this Court addressed correctly to:

US Attorneys Office                Respectfully submitted,
P.O. BOX 197
Montgomery, AL 36101-0197          _Wendall Wilson_
                                   Wendall JEFFERSON
                                   #11199-002
                                   USP-Atlanta
                                   BOX 150160
WJ/gimj                            Atlanta, GA 30315


MAILBOX Rule:

  Houston v. Lack, 487 US 266 (1988)(prisoner's pleadings deemed

filed once handed over to prison officials for mailing.).


CC: File