IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | |
|---|---|
| **Wendall JEFFERSON,**<br>Petitioner/Affiant, | § Cause No. 3:06-CV-00060-MHT<br>§<br>§ |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY
## IN COMPLIANCE WITH 28 USC § 1746

COMES NOW Wendall JEFFERSON, hereinafter 'Affiant' hereby deposes and makes the following declaration and states under my own free will, without any threat or coercion, fully aware of the penalty of perjury under Title 28, Section 1746, wherefrom Affiant declares:

1.] That had [Ms. Connie COOPER] not told Affiant that in order to have any chance of getting out of prison I would have to plead guilty because there were no defense(s) she could launch against the United States' current position or theories because **she had lacked knowledge regarding the federal criminal rules of procedure.**

2.] That if Ms. COOPER had not lacked knowledge with respect to the relevant law in relation to the facts of the case at bar, Affiant would not have entered into a plea agreement, but would have rather proceeded to trial. See United States v. Harms, 371 F 3d 1208, 1211 (10 Cir 2004); see generally Carter v. Collins, 918 F 2d 1198, 1200 (5 Cir 1990); Hill v. Lockhart, 474 US 52, 58-59 (1985).

Attachment-A

-2-

3.] That Affiant specifically told Ms. COOPER to object to the duplicitous charge of the indictment contained in both Counts IV and VI of the indictment prior to her faulty misleading legal advice that prompted Affiant to plead guilty.

4.] That Affiant in no uncertain terms told Ms. COOPER that both Counts IV and VI of the indictment should be challenged on direct appeal under the premise that Counts IV and VI criminalizes two separate offenses as enunciated in United States v. Combs, 369 F 3d 925, 930-35 (6 Cir 2004). Cf. United States v. Timmons, 283 F 3d 1246, 1250-53 (11 Cir 2002)(treating § 924(c) as setting forth two separate offenses).

5.] That Ms. COOPER in no uncertain terms told petitioner that Counts four and six were multiplicitous, rather than duplicitous and that she was not going to argue duplicity on direct because the Federal Public Defender Christine FREEMAN, told Ms. COOPER to argue multiplicity.

I declare under the penalty of perjury that the foregoing is true and correct. Affiant SAYEST NAUGHT.

Executed on: 7-20/07            SIGNED: _____
                                        Wendall JEFFERSON
                                        #11199-002

occasion, that if he desired to proceed to trial that I would inform the Court and we would proceed to trial but he never requested a trial.

4. Mr. Jefferson appears to contend that at his Motion To Suppress hearing that prejudicial statements were made regarding his wife's assertions to officers at the time of his arrest. It is my recollection that we called his wife to testify and the United States Attorney informed the Court that his wife would be charged with the same offenses. The Court ruled that without counsel, she could not be called as a witness. The hearing continued and the Court issued a ruling adverse to Mr. Jefferson.

5. When Mr. Jefferson filed a pro se Motion To Appeal Out Of Time, I did inform the Court that I had limited experience in the federal court system but that I was willing to represent Mr. Jefferson on appeal if he desired that I continue to represent him. Mr. Jefferson informed the Court that he desired that I represent him on appeal. At that time I studied the appellate rules and again diligently researched the applicable case law. Throughout my representation of Mr. Jefferson, I consulted with Ms. Christine Freeman, on more than one occasion, for her input and recommendations. I submit that my representation of Mr. Jefferson met the requirements of *Strickland*.

Further Affiant saith not, this 14th day of February, 2006.

CONNIE COOPER
AL Bar No. ASB-9126-062C
PO BOX 3110
PHENIX CITY, AL 36868
TEL: (334) 297-9442
FAX: (334) 297-6008

Exhibit-1

criminal transaction or series of transactions." Id., 508 U.S. at 134 n.2, 113 S.Ct. at 134. It, nevertheless, determined that this discretion merely pertained to the prosecutor's "universally available and unavoidable power to charge or not to charge an offense." Id.

Here, a federal grand jury indicted Jefferson for committing two § 924(c) offenses. Moreover, after the court advised Jefferson that his § 924(c) offense in Count 6 would constitute a second or successive § 924(c) offense, he pled guilty to both offenses. The court, in turn, accepted his plea. Accordingly, the court did not err in concluding that Jefferson's § 924(c) offense in Count 6 was second or subsequent, even though it was charged in the same indictment as his predicate § 924(c) offense.

Furthermore, to the extent Jefferson's argument can be construed as a double-jeopardy challenge to his underlying drug-trafficking offenses, this argument also is without merit. The Double Jeopardy Clause of the Fifth Amendment declares that no person shall "be subject to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It "protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." United States v. Thurston, 362 F.3d 1319, 1322 (11th Cir. 2004) (quotation omitted). Thus, "[a]n indictment is multiplicitous if it charges a single

Exhibit-2
19

offense in more than one count." United States v. Bonavia, 927 F.2d 565, 568 (11th Cir. 1991).

We normally review de novo, as a pure question of law, a possible violation of the Double Jeopardy Clause. Thurston, 362 F.3d at 1322. As discussed above, however, the government is contending that Jefferson waived his right to raise such a claim by pleading guilty to two separate offenses and by raising this claim for the first time at sentencing. Indeed, with limited exceptions, a plea of guilty and the ensuing conviction generally foreclose a collateral attack on the conviction, other than a claim that the underlying plea was not counseled or voluntary. United States v. Kaiser, 893 F.2d 1300, 1302 (11th Cir. 1990).[5]

Nevertheless, we need not determine whether Jefferson waived this claim because, regardless of this procedural issue, no error occurred. Whether multiple charges constitute one offense turns on whether each charge "requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932). In United States v. Fiallo-Jacome, 784 F.2d 1064 (11th Cir. 1986), we determined that a two-count

---

[5] As discussed by the Supreme Court in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), these exceptions deal primarily with infirm proceedings, wherein the government had no power to prosecute a second charge. See United States v. Broce, 488 U.S. 563, 574-76, 109 S.Ct. 757, 765-66, 102 L.Ed.2d 927 (1989).