IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 SEP 13 A 9:31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Wendall Jefferson, )
    Petitioner, )
                            ) Civil Action No.
                            ) 3:06cv60-MHT
VS. )
                            ) (WO)
United States Of America, )
    Respondents, )

Motion to ALTER Or Amend JuDGEMENT Pursuant to Rule 59e
oF the Federal Rules Of Civil Procedure

---

**Now Comes Wendall Jefferson,** hereinafter 'Movant' acting pro perso ,and moves this court to alter or amend the judgement entered thereby in error of law of facts in this courts decision ,on August 27,2007,wherein the court abuse it's discretion.id.Movant is requesting a substantive amenment or alteration from the judgement by the court.SEE Rule 59(e)FRCP.


Movant submitted objections to the magistrate judge report in

which he claimed "Actual innocence",ineffective of counsel,

  violation of sixth amendment right to confront witness,trace amount of cocaine residue as a felony under 21 usc 841 and that his guilty plea was not support by evidence to convict him under 924(c) count 4&6. On august 27,2007, this court adopt the magistrate findings.

In support of thereof movant states the following:
pursuant to rule 59(e) of the federal rule of civil procedure,
movant must present one the stanard set out in the rules,
Jefferson contends that there is "error of the law of fact in
the courts decision",and that "misrepresentation occured".

The error of law of facts occured in this court when this court
did not hold an evidentary hearing based on movants claim of
ineffective of counsel and facts that files or records does
not show,see Machibora,368 us at 495,so that a factual record
bearing precisley on Ms.cooper alledge ineffectives can be created

see,United sStates vs. Griffin,699 f2D 1102[8] (11 cir).

The court error of law of fact occured when this court adopt the magistrate finding based on movant "Actual innoncence"' claim.The magistrate asserts that jefferson claims must fail because the record prevents him.id.atdkt.14.Jefferson disagree because his plea colloquy nor records is sufficient enough to sustain his conviction under 924(c).

In Jones,153 f3d1307[1-3](11cir 1998)"defendant pleaed guilty but later challenged his 924(c) conviction allegeing actually innocence".see also Palmer,456 F3d489-490(5 cir 2006)" where plea colloquy was in sufficient to convict".see also Montano 398 F3d 1281 (11cir 2005)"defendant plea was insufficient to convict and defendant claims actullay innonce.Therefore Jefferson plea alone is not enough to sustain his conviction under 924(c) with out moresee,Bailey,516 U.S.144,116 Sct 106-121.

The magistrate cites ,Gunn.,369f3d 1229,1234 as a supporting case id at dkt 14.However Gunn is distinguishable from Jefferson ,Gunn is based on firearms in a vechile based on defendant conspiring to rob a drug curier,and that possession may be actual or constructive,joint or soleid.The goverment must establish that a defendant had ownership,dominion,or control over the firearm.id.The record is void of evidence that Jeferson had owership,dominion or control of the firearm.Jefferson admittance of the firearm at his plea colloquy is void because defendant did not know the requirements of 924(c) and what takes to violated them.seeLeonard,138 f3d 906(11ct 1998) "carrying with possession were an improper statement of law-had Congress intented possession alone to tigger liability under 924 (c) it easily could have provided".The magistrate contends that Jefferson case meets the requirement of sufficient nexus between the firearm and the drugs.id.dkt 14.jefferson disagree,under section 924(c)in order to sustain a conviction there must be a nexus between the firearm and drug selling operation,mere presence,of a firearm around drug proceeds is not enough.see,Suarez,313f 3d 1287,citing timmons id at 1252-1253 both 11cir case,citin, finley(2nd cir)The U.S.attorney testimony that there was no drug

activites going on at the home clearly excludes Jefferson from enhancement under 924(c),seedkt.5-6id at 19,22,sentencing.

Jefferson contends that there was "misrepresentation" of the magistrate decision based on that his plea agreement and that the court told him that he was being charged with "with being in possession of a firearm during the commission of a drug trafficking crime".Jefferson disagree,Jefferson plea colloquy and indictment both states that he knowingly used,carried,and possessed a firearm during a drug trafficking crime.see,exhibit 1&2.The exchange between Jefferson and the court shows nothing other than jefferson pleading to elements,and that factual basis of evidence nor the plea colloquy showed a connection between the firearm found in the business along with cocaine residue and the firearm found in the home  found with cocaine base,all that the goverment has proven is that drug s and guns were found without more does not sustain a conviction under 924(c),see H.RRep.No.105-344,1997wl 668339,at9(1997)"The mere presence of a firearm in an area where a criminal act occurs is not sufficent basis for imposing this mandatory sentence,rather the goverment must illustrate through specfic fact,which tie the defendant to the firearm".

The magistrste judge also contends that jefferson case ,firearms were recovered with,or in close proximity to,drugs which he acknowledge trafficking,dkt 14.at 8&9,Jefferson disagree because had the courts informed him of the elements of 924(C) whats take to convict under the statue then the ddfendant would have been given true notice of the crime against him.The magistrate judge " misrepresentation" of the defendants case at hand is abuse,see,dkt,14at9,where he contents that the firearm was found on a shelf next to plastic bags,next to a garabe can which contain more plastic bags bearing concaine residue".Jefferson would like to correct the magistrate assuming based on the records and evidenc that the information is incorrect.see,Jefferson ,302fs2d1297, in this case "were the firarm was found under the front desk in the business and the cocaine residue was found in the trash can in the rear of the business." thus,the facts does not meet the requirement of the Eleventh Circuit.

Jeferson contends that "misrepresentation of fact concerning his superseding indictment that charges him with possession a firearm during in relation to ,and in infurtherance of",Jefferson disagree.Jefferson superseding indictment chargess him with Knowingly used,carried,and possession,.see,exhibit 1&2.
The magistrate judge contends that "the phrase "during in relation to"did not refer to criminal conduct charged against jefferson, However by add the the statue in jefferson count along with the possession in futherance created duplicitysee,Pleasant, 125fs2d 177,"the words of the statue are rather straight forward and simple.They proscribe two different kinds of conduct.
Again the magistrate contends now that criminal conduct is not charged in the "in furtherancd of"as used in Jefferson superseding indictment.Jefferson disagreesee dkt.14 at10.What the statue proscribe as conduct in the second clsus is possessing a gun in futherance of(with a particular purpose of advancing) the specified crime.id at Pleasant-182-83.However if there is no criminal conduct charged as describe by the magistrate,then defendant is guilty of violating the elements of 924(c),and the counts for 4&6 are invalid,section 924(C) criminalizes two separate offenses"using or carrying a firearm during and in relation to a drug trafficking crime,and (2)possessing a firearm in futherance of a drug trafficking crime.See Combs,369 F3D930-931[1](6th cir 2004)

Relief requested

Wherefore,the movant respectfully urges this court to grant the instant motion forthwit and under Rule 8(b)(4) to grant movant a evidentary hearing in light of Anderson 11ct(1991)

CERTIFICATE OF SERVICE

This certifies that on this 31st, day of August, 2007, that i plaved a true and exact copy of the 59(e) motion to "amend or alter judgement, in the US mail with first class postage prepaid in full by handing said document to prison officals here at USP_Atlanta to be mailed to this court and addressed correctly herein to:

US Attorney Office
P.O.Box 197
Montogomery,AL 36101
Attn:MS.Susan Redmon

Respectfull submitted

*Wendall Jefferson*

WEndall Jefferson
11199-002
USP_Atlanta
BOX 150160
Atlanta,Ga 30315

WJ/mgbys

Mail Box Rule:
HOston V.lack,487 US 266(1988)

cc:file



District Court District Clerk
MU
P.o. Box 711
Montgomery, AL 36101



United States Penitentiary
Wandell Jefferson 11144082
P.O. Box 150160
Atlanta, GA 30315